CUTLER DOWNER, Respondent, v. LOREN CHURCH and COR-
    DELIA CHURCH, impleaded with others, Appellants.

The withdrawal of legal proceedings, undertaken for the purpose of assert-
    ing claims to property, and procuring releases from the claimants, are
    sufficient consideration to support an agreement for a division of such
    property.
A devise " subject to the support and maintenance " of a third person, does
    not create such a trust that equity will refuse specific performance of the
    devisee's contract to convey as involving a breach of trust. Title is
    vested in the devisee subject to that encumbrance, and there is no diffi-
    culty in his conveying such title as he has.

(Submitted May 8th, 1871; decided September 13th, 1871.)

Appeal from an order of the Supreme Court, at General Term in the eighth district, affirming a judgment in favor of the plaintiff, entered on the report of a referee.

The action was brought to compel the specific performance of a contract between the plaintiff and the defendant Loren Church. It appears, from the facts found by the referee, that Roswell Downer died in January, 1857, leaving a widow, but no child. He left certain real estate, consisting of a dwelling-house and about five acres of land, situate at Somerset, in Niagara county, of the value of about $1,000, and personal estate worth between $9,000 and $10,000. The defendant, Loren Church, was brought up by the deceased, and resided with him, in his family, except for a short time, from infancy till the death of the testator, a period, as it appeared from the case, of nearly thirty years. The deceased, by an agreement made in June, 1855, with the defendant Loren, agreed to devise and convey to him all his property, real and personal, and to give him the income and management of it at once, and in consideration thereof, the defendant agreed to support and maintain Roswell Downer and his wife, during their respective lives. For the purpose of carrying this agreement into effect, Downer executed a deed of the house and land to the defendant, and deposited it with a third person, to be delivered to Church at his death; and also executed his last will and testament, devising all his property to Church, charging it with the support and maintenance of his widow during her life.

In May, 1861, the plaintiff, a nephew of the deceased, procured a citation from the surrogate of Niagara county for the widow and next of kin of Roswell Downer, and was proceeding for the purpose of taking out letters of administration upon the estate of the deceased, the will not having been proved. The defendant, Church, took possession of the estate of Roswell Downer, at his death, and was in possession thereof at the time the proceedings were instituted before the surrogate.

The plaintiff served the citation on the widow, and then

had an interview with the defendant, Church, and informed him that the next of kin of the deceased claimed the estate, and would contest his title, which the plaintiff said he considered worthless.

The plaintiff and defendant, Loren Church, thereupon entered into the agreement in writing involved in this action, dated the 10th of May, 1861, in which is recited the death of Roswell Downer in 1857, leaving his widow Sarah Downer, but no children, and also leaving him surviving one brother and several nephews and nieces, who are his heirs-at-law; that the deceased left considerable real and personal estate, which Loren Church claimed had been legally transferred to him, and that he is the owner of it; that the plaintiff, Cutler Downer, one of the heirs-at-law of the deceased, claimed that the property was not legally transferred to Loren Church, and that the heirs-at-law of the deceased are entitled to it. It is further stated that, in consideration of the premises, and for the purpose of settling the controversy without resort to law, and in consideration of one dollar by each of the parties to the other paid, it is agreed between Cutler Downer, for himself, and on behalf of all the heirs-at-law of Roswell Downer, deceased, that the said heirs will accept from Loren Church a deed of the five acres of land occupied by Roswell Downer at his death; a bond and mortgage executed by Gillett to Roswell Downer, on which $1,032.50 was due; and a note of Abel Downer, a brother of the deceased, on which there was due the sum of $831.55 in full satisfaction of all claims of the heirs of Roswell Downer, deceased, in his estate; and Loren Church agreed on his part, to convey the five acres of land, and assign and deliver to Cutler Downer the bond and mortgage and note, in full satisfaction of the claims of all the heirs to the estate. Cutler Downer further agreed, that as soon as it could be conveniently done, he would procure from all of the heirs a release or conveyance to Church of all their claims to the estate of the deceased, both real and personal, executed in due form of law to be recorded. Church also agreed to record the deed to him from

HAND—VOL. V.        82

Roswell Downer, deceased, and to execute a deed to Cutler Downer at once for the five acres of land, in due form to be recorded; and assign to Cutler Downer in writing the bond and mortgage, in due form to be recorded, and deliver the deed, assignment, bond and mortgage, and note to some third person, to be agreed upon, to be held in escrow until the release or conveyance from the heirs should be ready to be delivered to Church. Cutler Downer was not to be required to procure any release from the widow of Roswell Downer, and her rights and interests were not to be affected, but to remain the same; except that she was not to have any right or claim to the property so to be conveyed, assigned or delivered to Cutler Downer.

Church also agreed that he would prove and record the will of Roswell Downer, if Cutler Downer deemed it necessary. Cutler Downer agreed to waive his application to the surrogate of Niagara county for letters of administration on the estate, and take no further proceedings on that application, and at the time of closing the contract to pay to Church $32.50 to balance the amount due above $1,000, on the Gillett bond and mortgage. Church at the same time executed and acknowledged the deed for the five acres of land, and the assignment of the bond and mortgage, and delivered the deed, assignment, bond, and the note of Abel Downer to Symonds, the clerk of Niagara county, in escrow for the purposes of the contract, to be delivered to Church and Downer, the parties to the agreement on their joint order. Not having the mortgage with him, he promised to deposit it in a short time. Cutler Downer discontinued the proceedings before the surrogate; and thereafter, procured deeds from all the heirs-at-law and next of kin of Roswell Downer, deceased, at some expense and trouble, conveying to him, Cutler Downer, his heirs and assigns, all their estate, right, title and interest, in and to all the real and personal estate of Roswell Downer, deceased, of which he died seized or possessed, duly acknowledged so as to be entitled to be recorded. In September, 1861, the plaintiff called upon the defendant,

.having the release of the heirs to him, and being ready to close up the contract. At the request of the defendant it was delayed till October following, when the plaintiff exhibited the releases from the heirs to him, and also a deed from himself and wife to Church, duly executed, dated August 19, 1861, conveying to Church all his interest and that derived from the other heirs and next of kin in the estate, and tendered the sum of $32.50, and requested him to accept the deed and money, and to unite in an order upon Mr. Symonds for the deed of the five acres of land, the assignment of the bond and mortgage of Gillett, and also the bond and note, and that he deliver the mortgage of Gillett, which had not been deposited; but Church refused to do so, and he has not caused the deed to him from Roswell Downer to be recorded.

The referee found, as conclusion of law, that the defendant had violated his contract in the particulars above mentioned, and adjudged a specific performance with costs. The defendants, Church and wife, duly excepted; and on appeal to the General Term of the Supreme Court, the facts and conclusions of law to which exceptions had been taken were fully reviewed and affirmed, with cost.

The defendants, Church and wife, thereupon appealed to the Court of Appeals.

*P. L. Ely*, for the appellants.

*Holmes & Fitts*, for the respondents.

LEONARD, C. There can be no doubt of the validity of the agreement to compromise the hostile and conflicting claims of the plaintiff and defendant, as between themselves. The defendant Church argues that the property devised to him is charged with a trust for the maintenance of the widow of Roswell Downer, the deceased testator, and hence that he cannot legally convey it as he had agreed. The provision of the will, as stated in the case, is that the property is devised

to Loren Church, subject to the support and maintenance of the widow. This language does not create a trust, it creates an encumbrance. The title to the property devised is vested in Church, charged with the support of the widow, as an encumbrance. There is no difficulty in his conveying such title as he has. The plaintiff takes it subject to the charge contained in the instrument creating the title in the defendant. The facts, as they are found by the referee, show no hardship or injustice in requiring the defendant to deliver the papers deposited in escrow with Mr. Symonds. The plaintiff has fully performed his part of the agreement, at some expense and loss of time, and there is no hardship or injustice in requiring the defendant to complete the performance of it on his part. The hardship and injustice would be the other way, if the defendant is not held to his contract, in damages or by its due performance. The facts do not support the defendant's position. There is no trust as to the property.

The defendant also insists that an error was committed in excluding evidence which he offered of the capacity of the testator to make a will. The capacity of the testator was not at issue. The presumption of law was also in favor of his capacity; it had not been disputed even. The defendant had the benefit of the fact as claimed, quite as strongly as his evidence could have proven it. It was not open to the defendant to attack the consideration of the agreement, and the evidence was inadmissible, therefore, for that object. No such defence was set up by the answer.

The evidence was correctly excluded, and no other questions having been urged upon our consideration, although others were raised in the court below, the judgment should be affirmed with costs.

All concurred.

Judgment affirmed, with costs.