BETSY WEBSTER AND BAKER WILLIAMS v. GEORGE E. MANN.

1. TRESPASS TO TRY TITLE.—See opinion for facts which will authorize one in possession of land, under a deed of general warranty, to maintain trespass to try title against a mere trespasser.

2. TRESPASS TO TRY TITLE.—In an action of trespass to try title, the defendant, under a plea of not guilty and failure of consideration, attempted to show that she was in the possession of the land when the plaintiff purchased from her vendee. The defendant's deed contained a general warranty, and recited a consideration already paid and performed—that the defendant's vendee had taken care of her "from the year 1863 to the present time": *Held,* That the defendant's possession would not, of itself, constitute such an adverse possession as to be equivalent to notice of any right remaining in her, as the same was consistent with the terms and purposes of her deed.

3. VENDOR AND VENDEE.—The superior title remains in the vendor until the purchase-money is paid: 1st. When the conveyance is executory; as, where a bond for title has been given. 2d. Where a mortgage for unpaid purchase-money is given simultaneously with the deed. 3d. When an express lien is retained in the deed for the payment of the purchase-money.

4. DISTINGUISHED.—Distinguished from Mann *v.* Falcon, 25 Tex., 271.

APPEAL from Galveston. Tried below before the Hon. William H. Stewart.

Suit in trespass to try title and sequestration, brought by George Mann, appellee, November 3, 1877, for lots 8, 9, and 35 feet of 10, in block 255, in the city of Galveston, against appellants, Webster and Williams. Appellants answered jointly by general demurrer, general denial, and plea of not guilty.

Cause tried by the court without a jury. Judgment for appellee for possession.

Plaintiffs introduced a general warranty deed from defendant Betsy Webster to one Thomas Baker, for five lots, including those sued for, reciting as its consideration that grantee had taken care of grantor since 1863, for love and affection, and recognizing him as her adopted son; this deed executed and recorded August 5, 1869. Also, general warranty deed from Thomas Baker to plaintiff, executed and recorded January 19, 1876, for four of the lots in the deed of August 5, 1869, and recites payment in full of $3,000, the expressed consideration.

Plaintiff here rested his case.

The defendant Williams testified in his own behalf, and stated that he was only on the lots in suit for the purpose of taking care of Betsy Webster.

The defendant Betsy Webster testified by deposition, denying that she executed the deed of August 5, 1869, to Thomas Baker for five lots, part of which are sued for in this suit; that she signed said instrument without knowing its contents; that she could not read, and it was not read to her; that she would not have signed it had she known that it was a deed for this property; that she was induced to sign by being told, and believing, that it was a court paper in a pending suit. She further testified that the consideration for the deed of August 5, 1869, was that Baker should take care of her for her lifetime, and that he had deserted her in the fall of 1877; that she had been in possession of the lots sued for before and since the deed of August 5, 1869; that Baker had ill-treated her after she executed the deed, by keeping her confined on the premises in suit, in not allowing others to have access to her, and in not attending to her bodily wants; (the cross-examination is largely to matters and things running through a period of many years, as to her memory and understanding;) that she did not know of Mann's purchase till he had built his house. The defendant introduced a number of witnesses, who testified, with some contradiction, as to how Baker had kept her confined on the

place, ill-treated her, and as to statements of Baker and Betsy Webster as to Baker being bound to take care of her, and that he was to have the lots in controversy only on her death. The plaintiff excepted to the admissibility of all this testimony.

Defendant Betsy Webster put plaintiff on the stand, who testified that he paid Baker the $3,000 expressed as consideration in the deed to plaintiff for the lots sued for; that he also gave Baker a lease for the term of the life of Betsy Webster for the lots in suit.

The defendant demanded the lease and put it in evidence. Its expressed consideration is, that " Tom Baker is to cultivate and keep up the ground as a garden." It is not assignable, and ends whenever lessee fails to cultivate the garden as obligated to do.

Plaintiff testified, further, that Colonel Flournoy, hearing plaintiff inquire as to price of other property, told him these lots were for sale and Baker was coming to his office next day; that plaintiff met Baker at Flournoy's office, and offered him $6,000 for four of the five lots embraced in deed of August 5, 1869, from Betsy Webster to Thomas Baker; that Baker would not sell, except on condition that possession was not to be given until she died, stating that as she had given them to him, he would not move her from the lots; that plaintiff purchased four lots on the terms of the $3,000 cash and the lease to Baker for three of the lots, subject to terms of lease as to services of Baker to the property; that he did not know and had never seen Mrs. Webster or Thomas Baker when Flournoy told him these lots were for sale; that he went to see the property and had a long conversation with her; that Baker cautioned him not to disturb her by letting her know that he intended selling.

Plaintiff excepted to admissibility of all this testimony.

Mrs. Webster further put in evidence a power of attorney from herself to Thomas Baker, dated and acknowledged May 22, 1871, recorded April 10, 1872, which empowered Baker to sell any and all her real estate in the city of Galveston.

Also a deed from Betsy Webster to Thomas Baker, dated

April 24, 1872, and recorded December 7, 1872, of all her interest and half-interest in a large number of Galveston lots, the expressed consideration being his devotion to her care and his promise to continue to support her.

Defendant then rested her case.

In rebuttal, plaintiff introduced deposition, taken in court by the judge before whom the trial was had, of Brad. Hancock, a subscribing witness to the deed of August 5, 1869, which had been attacked by Betsy Webster's testimony. He testified that he was working in the clerk's office of the County Court, in Galveston, on date of the deed; that Betsy Webster came there, seemingly for the purpose of executing the instrument; that she requested that the deed be read to her, stating that she had been cheated by her agents in the signing of other deeds; that witness read this deed to her very carefully, and she said that it was just what she wanted; that Tom Baker had been a good son to her, and would take care of her, and she wanted him to have these lots; that witness signed the deed as a witness, at request of Betsy Webster, as did the other subscribing witness, and the deed was acknowledged by Betsy and left for record; that Mrs. Webster was old and nearly blind, and said she did not expect to live long; that Betsy was of sound mind; that the plaintiff, G. E. Mann, had some year or two before brought this deed to him and asked the circumstances as to Mrs. Webster signing the deed, and whether there was any question as to her being then of sound mind, as he, plaintiff, was on a trade for the place; that he stated the facts to plaintiff.

Plaintiff introduced George Flournoy as witness, who testified that Tom Baker had been in possession of the premises since he knew the place, since about 1869 or 1870; that Mrs. Webster had several times consulted him, not as an attorney, but as a friend, as to having conveyed the property in suit to Tom Baker, and seemed to want to draw his opinion as to her getting out of what she had done; that he told her she had given Tom the property and it was no use talking about it; that Mrs. Webster seemed to fully recognize that she had given

Tom all her property, and she perfectly understood that the house and place where she lived were Tom Baker's; that this was all before plaintiff bought; that Mrs. Webster was of good mind, and rather smart for one of her age; told plaintiff that title was good in Tom.

Plaintiff also testified, in his own behalf, that he had not the slightest suspicion as to the validity of title of Tom Baker, from whom he bought; that he bought for a home; that Tom's treatment of Mrs. Webster was kind and considerate, and such as to elevate Tom in his estimation; that he had the best opportunities of knowing, as he had built on the lot that he retained of those purchased from Tom, and lived on it.

All the witnesses testified that Thomas Baker controlled and managed the place.    It was proven by plaintiff that Baker paid taxes from 1869 to the time of purchase by plaintiff, who has since paid them.

Plaintiff testified that Thomas Baker held the lots in suit since January, 1876, as his tenant had forfeited the lease by abandonment of the premises.

The motion for new trial of appellants was, among other grounds, because Baker had not paid the consideration to Betsy for said deed of August 5, 1869, and because the evidence showed that said deed was on an unexecuted trust that Thomas Baker would take care of Mrs. Webster.

Plaintiff testified that he offered to allow Mrs. Webster to remain as his tenant, and that she refused; that he then told Baker Williams that he would give him a lease on same terms as Tom's lease, if he would take care of Betsy, and he refused.

*Wharton Branch* and *Fred Barnard,* for appellants.

I. The plaintiff must show title in himself by regular transfer from the government, or a source from which all parties deraign title, and the present right of possession, to entitle him to a judgment.  (Act of September 28, 1871, Gen. Laws, 2d Sess., 12th Leg., pp. 3, 4; Hooper *v.* Hall, 35 Tex., 84; Keys *v.* Mason, 44 Tex., 142.)

II. The superior title remains in the vendor until the purchase-money be paid. (Peters *v.* Clements, 46 Tex., 122; Gibson *v.* Fifer, 21 Tex., 261; Mann *v.* Falcon, 25 Tex., 274; Baumgarten *v.* Smith, 37 Tex., 440; Walker *v.* Emerson, 20 Tex., 711; Dunlap *v.* Wright, 11 Tex., 604; Baker *v.* Ramey, 27 Tex., 59; Brown *v.* Christie, 35 Tex., 690; The Howards *v.* Davis, 6 Tex., 182.)

III. The deed from Baker to Mann and the lease from Mann to Baker constituted one contract, and the lease was part of the purchase-money from Mann to Thomas Baker, and being for the benefit of defendant, Betsy Webster, the plaintiff was not entitled to judgment for the possession of said property until the death of Betsy Webster. (Dunlap *v.* Wright, 11 Tex., 602; Taylor *v.* Hudgins, 42 Tex., 246; Caldwell *v.* Fraim, 32 Tex., 326; Eborn *v.* Cannon's Administrators, 32 Tex., 245; Story's Eq. Jur., secs. 1197, 1198.)

IV. A purchaser who has either actual or constructive notice, or information which would put a reasonable man on inquiry of an outstanding title or equity, is not an innocent purchaser without notice, and the plea of innocent purchaser does not apply except to a defendant in possession. (Littleton *v.* Giddings, 47 Tex., 112; Herrington *v.* Williams, 31 Tex., 463; Watkins *v.* Edwards, 23 Tex., 443; Johnson *v.* Newman, 43 Tex., 641; Hamman *v.* Keigwin, 39 Tex., 40; Manly *v.* Culver, 20 Tex., 150; Saufley *v.* Jackson, 16 Tex., 581; Hines *v.* Perry, 25 Tex., 452; Webster *v.* Corbett, 34 Tex., 265; Rodgers *v.* Burchard, 34 Tex., 453; Martel *v.* Somers, 26 Tex., 560; Ponton *v.* Ballard, 24 Tex., 621; Boone *v.* Chiles, 10 Peters, 211.)

V. The deed from Betsy Webster was void, being obtained by fraud, in inducing her to believe it was for her benefit in a case pending in the Supreme Court, and by concealing from her that it was for her home, and was obtained without any consideration by her agents, G. W. Stancel and Thomas Baker, by undue influence over her. (Saufley *v.* Jackson, 16 Tex., 580; Millican *v.* Millican, 24 Tex., 445; Stacy *v.* Ross, 27 Tex., 5; McFaddin *v.* Vincent, 21 Tex., 57; Johnston's Adminis-

trator *v.* Shaw 33, Tex., 590; Mitchell *v.* Zimmerman, 4 Tex., 79.)

*M. C. McLemore,* for appellee.

I. There is an exception to the rule stated in appellants' first proposition. Mann was claiming title under Betsy Webster through her recorded general warranty deed to Baker. Plaintiff's vendor is vendee under general warranty deed from defendant, which deed recites a fully-executed consideration, and has been duly recorded and put in evidence without objection by defendant, whereby plaintiff made a *prima-facie* case against defendant. (Wilson *v.* Palmer, 18 Tex., 595; Grassmeyer *v.* Beeson, 18 Tex., 754; Grassmeyer *v.* Beeson, 13 Tex., 525; Mays *v.* Lewis, 4 Tex., 44; Caldwell *v.* Fraim, 32 Tex., 326; Keys *v.* Mason, 44 Tex., 142; Box *v.* Lawrence, 14 Tex., 545.)

II. When a defendant, as witness for himself, does not claim title, but admits he is a mere trespasser, plaintiff can recover by showing title by a deed, and possession thereunder. (Warnell *v.* Moore, 10 Tex., 235; Whitehead *v.* Foley, 28 Tex., 9; Christy *v.* Scott, 14 How., 292; Alexander *v.* Gilliam, 39 Tex., 235.)

III. The doctrine announced in appellants' second proposition only applies between vendor and vendee, or to purchasers from vendee, with notice of the non-payment of purchase-money, or non-performance of considerations. (Ragsdale *v.* Robinson, 48 Tex., 397; Mayer *v.* Ramsey, 46 Tex., 375; Sydnor *v.* Roberts, 13 Tex., 622; White *v.* Graves, 107 Mass., 325; Somes *v.* Brewer, 2 Pick., 184; 2 Lead. Cas. in Eq., part 2, p. 1265.)

IV. Under plea of not guilty, Betsy Webster cannot be heard to claim under the lease, even if we admit, for the argument, that the intention of the lessee to have given her a home with him for life gave her an equitable right to claim the property on the terms on which it was leased to Baker.

Defendant in trespass to try title cannot get a decree for

equitable relief under plea of not guilty. (McKey *v.* Welch, 22 Tex., 397; Christy *v.* Scott, 14 How., 293.)

V. Under plea of not guilty, the defendant cannot set up inconsistent evidence; cannot deny plaintiff's title, and claim under it through the lease to Baker; cannot offer evidence that the deed to Baker is fraudulent and not binding on her, and also try to prove that she has a parol condition subsequent on an agreement that she is to be taken care of. (Hillebrant *v.* Booth, 7 Tex., 501.)

VI. The fact of Betsy Webster being on the lots and living with Tom, was entirely consistent with and what would be expected from both the terms of the deed and the relationship of the parties, and would be no notice to third parties of any claim by Betsy of possession against her deed. (Millican *v.* Millican, 24 Tex., 442; Wilson *v.* Williams, 25 Tex., 66; Blankenship *v.* Douglas, 26 Tex., 230; 2 Lead. Cas. in Eq., part 1, pp. 160, 180, 181, 183, 184.)

VII. A grantor can only attack a deed duly executed, delivered, and recorded, by clear and certain evidence. (Moreland *v.* Barnhart, 44 Tex., 283; Grooms *v.* Rust, 27 Tex., 231; Parker *v.* Beavers, 19 Tex., 409; Neill *v.* Keese, 5 Tex., 30.)

BONNER, ASSOCIATE JUSTICE.— The first error assigned is, that "the court erred in rendering judgment for the plaintiff without his deraigning from a common source, or from the government, and showing title in himself."

The defendant Baker Williams, as shown by his own testimony, did not set up any claim to the land in controversy, but was there simply in the capacity of a nurse or attendant for the other defendant, Betsy Webster, and was thus virtually in possession under her, the real defendant.

If, however, he should be considered as a separate trespasser, the testimony further shows that he came upon the place when the same was held by Thomas Baker as lessee for the plaintiff Mann.

Under these circumstances, the general warranty deed under which plaintiff held, through his tenant, the possession of the land when thus entered upon by Baker Williams, was sufficient to maintain this suit against him, he being but a naked trespasser.

Plaintiff Mann claimed under title derived through general warranty deeds from Betsy Webster herself, the other defendant. She sought simply to avoid this title, but did not deny that the title in herself was valid, and, under her warranty deed, would have been estopped from denying the same. This, as between these parties, constituted a common source, beyond which the plaintiff was not required to further deraign his title. (Acts of 12th Leg., 2d Sess., p. 3.)

The second error assigned is, that "the court erred in holding that the deed from appellant, Betsy Webster, to Thomas Baker vested title in said Baker, without his having paid the purchase-money or rendered the services therefor."

Under this appellants make this proposition, "that the superior title remains in the vendor until the purchase-money be paid."

The consideration mentioned in the deed from Betsy Webster to Thomas Baker was natural love and affection, recognizing him as her adopted son, taking care of her since the year 1863, and the sum of $5. The testimony of the witnesses tended to prove that the real consideration of the deed, in part, was that Thomas Baker agreed to take care of and support Betsy Webster during her life-time, and was to have all her property after her death if he took care of her.

The fifth error assigned and the proposition thereunder presented the alleged error of the court in not holding that the deed from Betsy Webster to Thomas Baker was void by reason of fraud in Thomas Baker in its procurement, and mistake on her part as to the lots conveyed.

The fourth error assigned is, that "the court erred in holding that Mann was an innocent purchaser without notice."

There was conflicting testimony upon the issue of fraud and

mistake in the execution of the deed from Betsy Webster to Thomas Baker, and also conflicting testimony as to whether plaintiff Mann had notice of the alleged true consideration of this deed.

These three assigned errors present the controlling issues in the case, and will be grouped and considered together.

The cases referred to by counsel for appellants in support of the proposition under the second error assigned,—that the superior title remains in the vendor until the purchase-money be paid,—and others of this court on this question, may generally be placed under one of the three following classes:

1. When the conveyance is executory; as, where bond for title has been given, as in Walker v. Emerson, 20 Tex., 706; Baumgarten v. Smith, 37 Tex., 439.

2. When a mortgage for unpaid purchase-money is given simultaneously with the deed, as in The Howards v. Davis, 6 Tex., 174; Dunlap v. Wright, 11 Tex., 597.

3. When an express lien is retained in the deed for the payment of the purchase-money, as in Baker v. Ramey, 27 Tex., 52; Peters v. Clements, 46 Tex., 114.

The case of Mann v. Falcon, 25 Tex., 271, referred to by counsel for appellants, was a contest between the original vendor of the land, who was in possession, and the executor of one of his vendees and parties claiming under the other vendee, but who were found not to be innocent purchasers for value without notice.

One of the decisive questions in that case was, whether the conveyance from the vendor, which purported to be an absolute deed, could be shown to have been intended as a mortgage.

It having been thus found, it was decided that, as between the parties to that suit, under the former decisions of this court to the effect that the mortgagor was the real owner of the land and entitled to the possession, the plaintiffs, who stood in the place of the mortgagees, could not maintain trespass to try title.

It is believed that no well-considered case of this court will be found, which decides that the mere fact that a part of the purchase-money remains unpaid, in an executed contract for land, where no express lien is retained, will, of itself, be sufficient, in an action of trespass to try title under the plea of not guilty, to give the vendor the right to demand that the superior title to the land remains in himself, and that he should recover accordingly. (Baker *v*. Compton, *supra*, 252.)

A suit might, in a proper case and between proper parties, be maintained to subject land which had been conveyed in consideration of future support and maintenance, either in the hands of the original vendee or purchasers under him with notice, to a lien for unrendered services, if the value of the same could be ascertained with reasonable certainty. And it would seem that, under certain circumstances, the aid of a court of equity might be invoked to cancel a deed the consideration of which was future support and maintenance, and which consideration had failed; as was, in effect, the case, also referred to by counsel, of Gibson *v*. Fifer, 21 Tex., 260.

Such a case, however, is not now presented for our consideration.

The deed from Betsy Webster to Thomas Baker was an executed contract, reciting a consideration already paid and performed. It conveyed the absolute legal title to the land into Thomas Baker. It had been duly delivered, recorded, and possession taken under it by the vendee, Baker, years before Mann, the plaintiff, purchased. It is here sought to avoid the effect of this deed mainly on the ground of failure of consideration, and this under the plea of not guilty in an action of trespass to try title.

The fact that Betsy Webster also remained on the place with her vendee, Thomas Baker, would not, of itself, constitute an adverse possession equivalent to notice of right remaining in her, as this possession was consistent with the terms and purposes of her deed. This presents a different case from those

heretofore decided by this court, where the vendor alone remained in possession.

We might, perhaps, in this character of suit, under the pleadings and evidence in the case, rest the right of the plaintiff to maintain his action upon his absolute legal title, the conditions of his lease to Thomas Baker having been broken, without regard to the question of notice. But without deciding this point, it is sufficient to say that the issues whether the deed to Thomas Baker was fraudulently procured, whether any part of the consideration remained unpaid, and whether plaintiff Mann was a purchaser with notice, were submitted on the trial below; and the court, upon conflicting testimony, having decided in favor of the plaintiff, we do not find in the record that there was such error in the judgment as would authorize its reversal.

It is believed that the above virtually disposes of all the material questions in the case, and would require an affirmance of the judgment. It is accordingly so ordered.

AFFIRMED.