**DAWSON v. BLUHM.**

No. 4811.

Court of Civil Appeals of Texas. Beaumont.

Oct. 30, 1952.

Bates, Cartwright, Bates & Kolius, Houston, for appellant.

P. A. Sanders, Nacogdoches, Strong, Moore, Strong & Nelson, Beaumont, for appellee.

PER CURIAM.

This suit was brought in the District Court of Nacogdoches County by the appellant, A. B. Dawson, to have set aside and canceled a conveyance made by his father and mother to the appellee, H. C. Bluhm, which instrument conveyed to the said H. C. Bluhm a 1/32nd of the royalties and made a conditional conveyance of an undivided 1/4th interest in the minerals in and under 100 acres of land situated in Nacogdoches County. By his petition he alleged that he had purchased the land from his father and mother in May. 1941,

in good faith for a valuable consideration and without any notice, actual, constructive or otherwise, of any claim of appellee, Bluhm, and that he, the appellant, was a bona fide purchaser for value without notice. He further alleged that the instrument he was seeking to cancel and set aside was a deed executed by his father and mother to the appellee, Bluhm, in 1934 and a correction instrument thereof executed a few weeks later. He further alleged that he had filed his deed for record in 1945 and appellee, Bluhm, recorded his deed in 1948, 7 years after appellant had purchased the property, 3 years after the appellant had filed his deed for record and approximately 14 years after appellee, Bluhm, had secured the deed from his father and mother, and that the correction deed was not filed for record until 1950. The appellee answered this petition by general denial and a special pleading that appellant, Dawson, had actual notice of the unrecorded deed to Bluhm at the time he purchased the property from his father and mother in 1941.

The case was tried to a jury and at the conclusion of the testimony the appellant moved the court for an instructed verdict, which motion was overruled.

The case was submitted to the jury upon one Special Issue, which inquired of the jury whether the appellant, Dawson, purchased the land described in a deed dated March 5, 1941 from T. H. Dawson and Ida Dawson without actual notice of a prior conveyance of an interest in the minerals from T. H. Dawson and Ida Dawson to H. C. Bluhm, dated March 26, 1934 or a correction of said conveyance dated April 9, 1934. The jury answered this Special Issue "No". The appellant thereafter filed his motion for judgment non obstante veredicto, which motion the trial court overruled. Judgment was rendered on the verdict of the jury that the appellant take nothing by his suit. Appellant's motion for new trial was overruled and he has duly perfected his appeal to this court for review.

The appellant brings his appeal on the following three points:

1. The trial judge erred in submitting an issue on actual notice to the jury because there was no evidence that appellant had actual notice when he purchased the property in 1941 of appellee's unrecorded 1934 conveyances and the only evidence on this question was the testimony of the witnesses, A. B. Dawson, Parish Palmer and certain testimony of the witness, P. A. Sanders (appellee's own attorney), and all of such evidence clearly showed that appellant had no notice until long after he had purchased the property, recorded his deed and completed payment of an onerous consideration therefor.

2. The verdict of the jury and the judgment rendered thereon should be set aside because the verdict is contrary to the evidence adduced upon this cause.

3. The verdict of the jury and the judgment rendered thereon should be set aside because there is insufficient evidence to support it.

From the evidence in the record, the controversy before us is narrowed down to a question of whether the evidence in regard to actual notice to the appellant of the existence of the deed and correction deed to Mr. Bluhm is conclusive to the effect that Mr. Dawson had no actual notice of such deed and correction deed. The appellant by his three points urges that the only testimony in the record is that he had no such notice and therefore there was no fact question raised to be submitted to the jury in the form of a Special Issue. The appellee counters with his contention that the trial court did not err in submitting the Special Issue on the question of notice because the burden of proof was upon the appellant in the trial of the case to show that he was without notice of the prior deeds and the only evidence offered by him on that issue was by the appellant himself, who was an interested party, and the other two witnesses, Palmer and Sanders, gave no testimony on the issue of notice, and he says further that the credibility of a party to a suit is an issue for the jury.

 The appellee also, by his counterpoint No. 1, contends that the Special Issue on actual notice was submitted to the

jury without any written objection by the appellant and that by his failure to object has waived any right to complain of said issue. We overrule this latter contention on the authority of Gray v. Blau, Tex.Civ. App., 223 S.W.2d 53, by this court, and Shary v. Helmick, Tex.Civ.App., 90 S.W. 2d 302. We believe that the filing of the motion for instructed verdict, based on the ground that the evidence was insufficient to warrant the submission of any Special Issue to the jury, was sufficient to preserve the point on appeal, so that appellant may now be heard to complain about submitting this Special Issue.

■■ As to appellant's Point No. 1, we do not believe that the evidence is conclusive, or that it establishes as a matter of law that the appellant had no actual notice of the prior deeds from his father and mother to Mr. Bluhm. From the evidence it is shown that Mr. Dawson lived in Corsicana where he was employed, while his father and mother lived in Nacogdoches County; that he visited them regularly four, five or six times a year; that he would usually arrive on Saturday night and would leave Sunday evening or night. Mr. Bluhm and his associates, beginning in January, 1934, obtained mineral leases on a large block of land, including the land in suit, all in the neighborhood in which Mr. and Mrs. Dawson, the grantors in the deed, lived. The appellant himself testified that he first learned of the deeds to Bluhm in the latter part of January or the first part of February, 1948. His father died in June, 1949, and he filed this suit on August 20, 1949.

The rule is settled in this State that the holder of a junior recorded deed has the burden of establishing, as against the holder of a senior unrecorded deed, the fact that he took title for a valuable consideration and without notice of the unrecorded instrument. McDonald v. Galt, Tex.Civ. App., 173 S.W.2d 962, and cases cited therein. Since the burden was upon the appellant in the trial court to establish, among other things, that he took title without notice of the existence of deeds to Bluhm, and since the appellant's own testimony to the effect that he had no such notice was that of an interested party, we believe that a fact question for the jury was presented by such testimony by him and by the other evidence which we have noted above. The jury, in passing on the credibility of the witness, could rightfully consider the testimony that the appellant had visited his father and mother several times each year, that he had asked his father about the title of the land when he bought it from him, that his father told him that it was clear except that he owed some on it to the Federal Land Bank and lacked a little bit having it paid out, and the fact that while he testified that he learned of the existence of Bluhm's deeds in 1948, he took no action and filed no suit in regard to such unrecorded deeds until after his father died, and that he brought his suit shortly after the death of his father. The leading case in regard to the effect of the testimony of an interested witness is Simmonds v. St. Louis B. & M. Ry. Co., 127 Tex. 23, 91 S.W.2d 332.

We believe that all three of the appellant's points are determined by our discussion of the first point and they are overruled, and the judgment of the trial court will be affirmed.

Affirmed.