**PULLMAN WHEAT GROWERS, INC.,**
et al., Appellants,

v.

**ATTEBURY ELEVATORS, INC., Appellee.**

No. 8388.

Court of Civil Appeals of Texas,
Amarillo.

Nov. 19, 1973.

Rehearing Denied Dec. 17, 1973.

Folley, Snodgrass & Calhoun (O. M. Calhoun), Amarillo, for appellants.

Kolander, Templeton & Hamilton (Robert L. Templeton), Amarillo, for appellee.

REYNOLDS, Justice.

Following a jury trial and entry of judgment vesting title to real and personal properties in, and decreeing recovery of

property retention damages and a debt deficiency by, plaintiff Attebury Elevators, Inc., the defendants Pullman Wheat Growers, Inc., and Clinton L. Peat challenge the decretory portions of the judgment pertaining to certain personal properties and to the debt deficiency. Affirmed.

A perspective consideration of the fourteen points of error necessitates a recitation of the intricate facts leading to this litigation. On April 1, 1969, Clinton L. Peat purchased the property of Pullman Wheat Growers, Inc., a cooperative marketing association he was managing. A warranty deed dated October 22, 1969, reciting the conveyance of described real and personal properties, stated the consideration of $155,099.26 was composed of Peat's $73,476.91 promissory note, secured by the retained vendor's lien, and Peat's assumption and agreement to pay all, except for one, of grantor's debts and obligations. One of the assumed indebtednesses was a balance of $40,602.23 of an original $215,-602.23 promissory note dated October 17, 1966, payable to the order of the First National Bank of Amarillo, and secured by a deed of trust and security agreements. To better secure his $73,476.91 note, Peat executed a deed of trust dated October 22, 1969. Thereafter, on December 31, 1969, Peat executed and delivered to the bank his promissory note in the principal sum of $40,602.23 evidencing his assumption of the bank indebtedness, and a deed of trust of even date which incorporated the bank's prior deed of trust liens, and recites payment is additionally secured by a security agreement. The parties refer to this deed of trust as the first deed of trust. Additional to the described real estate conveyed in trust, this deed of trust contains this language:

"And all imrpovements (sic), including but not being limited to buildings, docks, ramps, towers, machinery, appliances, equipment, furniture and fixtures, and all other properties of whatever kind or character, real, personal or mixed, now located upon or hereafter to be placed upon the above described tracts, and belonging to mortgagor; and all of mortgagor's trucks and other automotive equipment."

Peat incorporated the business on April 20, 1970, under the corporate name of Pullman Wheat Growers, Inc. By a warranty deed dated June 25, 1970, Peat conveyed to the corporation the same properties listed in the cooperative's deed of October 22, 1969, to Peat. On May 28, 1971, the First National Bank of Amarillo transferred and assigned Peat's $40,602.23 promissory note, together with the liens securing the payment thereof, to Jay Frank Triplett.

On July 1, 1971, the coporation, through Peat as president, and Peat individually, executed and delivered their two promissory notes in the sums of $35,616.18 and $49,127.54 made payable to the order of J. Frank Triplett. The corporation, acting through its president Peat, who did not subscribe individually, executed and delivered its deed of trust and security agreement to secure the payment of the notes. This deed of trust dated July 1, 1971, is referred to by the parties as the second deed of trust. This deed of trust recites that the $35,616.18 note and the $49,127.54 note, respectively, were ". . . given to renew and extend, but not to extinguish, . . ." the unpaid balance of the December 31, 1969 bank note, and the unpaid balance of an obligation Peat assumed under the October 22, 1969 deed. Additional to the described real estate conveyed in trust, which is the same real estate listed in Peat's December 31, 1969 deed of trust given to the bank and transferred and assigned to Triplett, this second deed of trust contains this language:

"All buildings, fixtures, attachments, machinery, equipment, tools, furniture, office equipment, supplies and furniture of every sort and nature located upon, in or

used in connection with the above described property and/or in connection with the business of the former Pullman Wheat Growers, Inc., a cooperative marketing association, including but not limited to the following:

(which is a list of specific property)

"All property of every sort and nature owned by Grantors or to which it is entitled, including but not limited to all improvements, buildings, docks, ramps, towers, machinery, boilers, appliances, equipment, furniture and fixtures now located upon the above described premises and property, and all trucks and other automotive equipment of Grantors."

In the body of this deed of trust there is printed " . . . in the event the proceeds of the indebtedness secured hereby as set forth herein are used to pay off and satisfy any liens heretofore existing on said property, then Beneficiary is, and shall be, subrogated to all of the rights, liens and remedies of the holders of the indebtedness so paid." Other than this recitation, the second deed of trust contains no wording specifically incorporating the first deed of trust lien.

Default was made in payment of the July 1, 1971 notes and Edward H. Hill, the trustee named in the securing deed of trust, posted notice and, on the following May 2, 1972, conducted the sale. The property listed in the second deed of trust was sold to Billy R. Scivally.

Thereafter, on May 6, 1972, Pullman Wheat Growers, Inc., again acting through Peat as its president, and Clinton L. Peat and his wife, Doris Peat, individually, executed a general warranty deed reciting the conveyance of certain property to Harriett H. Triplett, individually and as Independent Executrix of the Estate of J. Frank Triplett, " . . . in consideration of a good and valuable consideration, the receipt and sufficiency of which is hereby acknowl-

edged, . . ." The designated property was the same as that listed in, and sold to Scivally at the trustee's sale under, the second deed of trust. Contemporaneously, Peat individually and Pullman Wheat Growers, Inc., executed their note dated May 6, 1972, made payable one year from date to the order of Harriett Triplett, individually and as Independant Executrix of the Estate of J. Frank Triplett, in the sum of $18,166.00 for the deficiency of the indebtedness remaining on the July 1, 1971 notes after application of the proceeds from the trustee's sale.

On May 11, 1972, the trustee executed his trustee's deed conveying to Scivally the property listed in the July 1, 1971 deed of trust. On the same day, Mrs. Triplett, in both her individual and representative capacity, conveyed to Scivally the same property by a warranty deed. The next day, Scivally deeded the identical property to appellee Attebury Elevators, Inc.

Attebury Elevators, Inc., then instituted this suit against Pullman Wheat Growers, Inc., and Clinton L. Peat to recover title and possession of all the property embraced within and conveyed by the foregoing instruments and for collateral relief in connection therewith. Subsequent to the filing of the suit, Attebury Elevators, Inc., acquired the unmatured $18,166.00 note from Mrs. Triplett, together with all ownership interest or rights which she individually and in her representative capacity may have in the two July 1, 1971 notes. Attebury Elevators, Inc., then amended its pleadings to allege its entitlement to recover on the then unmatured $18,166.00 note for an anticipatory breach or, alternatively, for recovery of the deficiency remaining due on the two July 1, 1971 notes after application of the proceeds from the trustee's sale.

Following a trial in which factual determination of some issues were resolved by a jury, the trial court entered judgment fa-

vorable to, and within the ambit of the pleadings and prayer of, Attebury Elevators, Inc. The judgment awarded to Attebury Elevators, Inc., the title to, possession of, and a special writ of execution for the described real property and the personal property located thereon or used in connection with the real property and/or in connection with the business of Pullman Wheat Growers, Inc., including, but not limited to, the items of personal property specifically enumerated in the judgment, among which were listed several trucks and automobiles, two of which were owned by Clinton L. Peat; $1,600.00 as damages for retention of property; and $19,968.25 as the deficiency due on the July 1, 1971 notes.

Defendants do not challenge the adjudication of possessory title to the described real property and certain personal properties to be vested in, or the award of damages for retention of property to, plaintiff; indeed, defendants admit the adjudication was correct with respect to the properties specifically described in the second deed of trust. Moreover, defendants judicially admitted by stipulation that there was a valid trustee's sale under the second deed of trust. Defendants, however, address fourteen points of error to the judicatory award of title to the other itemized personal properties and to the deficiency judgment in favor of plaintiff.

Six of the points of error attack the inclusion of Peat's personal properties in the judgment. The first two points are to the effect that the lien given on Peat's personal properties in the first deed of trust was neither merged nor incorporated in the second deed of trust under which the foreclosure proceedings were conducted. Point six is that as a matter of law the second deed of trust effected a novation of the first deed of trust, thereby cancelling the first lien. It is asserted in point seven that testimony bearing on novation was erroneously excluded. There is raised in point ten the proposition that the May 6, 1972 warranty deed is ineffective to pass title to any property because the property purportedly conveyed by the deed already had passed by a valid foreclosure sale and the deed was without consideration. Lastly, in point fourteen, it is alleged that the trustee did not have possession of Peate's personal properties for the purpose of the trustee's sale. Plaintiff presents the converse of the contentions, particularizing that since it was undisputed that the proceeds from the notes secured by the second deed of trust were used to satisfy the indebtedness secured by the first deed of trust lien, the latter lien was incorporated in the second deed of trust by its terms.

Defendants' contentions are subject to disposition without detailed recourse to, or an extended discussion of, the in depth treatment given by the parties to the multiple facets of the propositions. The only category of personal properties listed in the first deed of trust as belonging to Peat and not conveyed by him to Pullman Wheat Growers, Inc., by his June 25, 1970 warranty deed (and accepting defendants' exclusionary theories, not included in, and passing by the admittedly valid trustee's sale under, the second deed of trust) were ". . . all of mortgagor's trucks and other automotive equipment." Even assuming arguendo, without . deciding, that defendant Peat is correct in his contentions that the first deed of trust lien was not incorporated in the second deed of trust which effected a novation, and that the trustee did not have sufficient possession of Peat's personal properties at the sale, the points are ineffectual. This is so for the reason that the personal properties not included in the conveyances flowing from the trustee's sale were conveyed by the May 6, 1972 warranty deed. Absent fraud or undue influence, neither of which was pleaded nor raised on this appeal, the lack of consideration for the deed is not a

ground for voiding an executed deed. Burgess v. Hatton, 209 S.W.2d 999 (Tex. Civ.App.—Beaumont 1948, writ ref'd). The deed, as an instrument of conveyance, conveyed all the property described therein. Kagan v. Moody, 309 S.W.2d 515 (Tex. Civ.App.—Houston 1957, writ ref'd n.r.e., cert. denied 358 U.S. 873, 79 S.Ct. 113, 3 L.Ed.2d 104 (1958)). The conveyed property included "all trucks and other automotive equipment of Grantors," which is the same and only personal property described in the first deed of trust executed by Peat not conveyed to Pullman Wheat Growers, Inc. The points are overruled.

Points three and four, directed to the "after acquired" property clause in the first deed of trust, are utilized to assign error only in the event a determination is made that the first deed of trust lien was renewed and extended in the second deed of trust. Inasmuch as the conditional determination is not the basis of the disposition of the predicate points, these two points are moot.

Defendants assert in their fifth point that the judgment award of title and possession of the motor vehicles to plaintiff was erroneous because no liens were ever perfected against them as between the parties. The thrust of the argument, referenced to statutory provisions providing for a notation of the lien on the certificate of title to the motor vehicle, is that no motor vehicle lien was lawfully perfected by defendants' execution of the above mentioned securing instruments so as to support plaintiff's claim to the motor vehicles. Plaintiff joins the issue, relying on authorities holding that since the statutory lien provisions are referenced to third parties, a lien is good as between the parties to the initial mortgage transaction even though it is not noted on the certificate of title. Be it as it may, and again assuming, without pausing to decide, that no lien was perfected by the execution of the securing instruments, the point becomes theoretical when

it is recalled that these defendants included in their May 6, 1972 warranty deed conveyance "all trucks and other automotive equipment of Grantors." The holding, responsive to the first group of points, that the warranty deed was a valid conveyance renders this point moot.

■ Complaint is made in the eleventh point that the trial court erroneously granted judgment on the unmatured $18,166.00 promisory note because there was no evidence of the pleaded anticipatory breach. The point is lacking in substance, for the judgment did not decree recovery on the note; rather, the decretal portion of the judgment allowing plaintiff recovery of "the sum of $19,968.25, same being the amount of the deficiency after receipt of the proceeds of the foreclosure sale herein and application of the same to the two notes dated July 1, 1971," is the granting of plaintiff's alternative claim for the deficiency, and is not allowance of recovery on the unmatured note. The point is overruled.

By points twelve and thirteen, defendants raise the contention that the judgment erroneously included personal properties actually owned by third persons not parties to the suit on an insufficient evidence finding by the jury that the properties were owned by Peat individually. Peat testified that certain items of personal property located on the premises of Pullman Wheat Growers, Inc., at the time of foreclosure were owned by Wes-Tex Grain Company, a partnership. The evidence established that these items of property were located on the premises at the times the second deed of trust was executed and its lien was foreclosed and when the May 6, 1972 warranty deed was executed. The instruments did not exclude any property situated on the premises. Peat's last personal federal income tax return listed the property and a personal depreciation thereof was claimed by him individually. The jury

**954**

found the properties were owned by Peat personally.

■■ The contention is unavailing. In the first instance, Peat's denial of personal ownership coming from an interested party merely created a fact issue, and the evidence is sufficient to support the jury's finding of Peat's personal ownership. Secondly, the May 6, 1972 warranty deed conveyed "(a)ll property of every sort and nature owned by Grantors or to which it or they are entitled . . . now located upon the above described premises and property, . . ." Thirdly, and alone decisive, if the personal properties did in fact belong to a third party not a party to the suit, then defendants are not injured and they have no standing to complain of a judgment that merely affects the rights of others. McFarling v. Lapham, 489 S.W.2d 435, 440 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.). The points are overruled.

The eight and ninth points, by which defendants attack the inclusion of certain personal properties in the judgment on the grounds that the description thereof in the deeds of trust was too indefinite for identification and the trial court improperly excluded testimony of intent of the properties to be included, are submitted as being material only in the event Peat's personal properties were foreclosed under the second deed of trust. The argument under these points reveals that the properties in question are those claimed to be owned by Wes-Tex Grain Company and Peat's personal automobiles. The determination made under points twelve and thirteen and under the first group of points, respectively, dispose of these points adverse to defendants' attack. These points are overruled.

The judgment of the trial court is affirmed.

ROBINSON, J., not sitting.