Lela **MEDLEY**, Independent Executrix of the Estate of Eulus Medley, Deceased, Appellant,

v.

John **MEDLEY** A/K/A Curtis Medley, Appellee.

No. 13–84–227–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 28, 1984.

Glen Barnard, Harlingne, for appellant.

Robert C. Sheline, Harlingne, for appellee.

Before KENNEDY, UTTER and KEITH, JJ.

## OPINION

KENNEDY, Justice.

This is a suit for partition, for removal of cloud on title and declaratory relief regarding the ownership of certain real property.

Appellee was granted a summary judgment declaring that he is the owner of an undivided 12/14 of that real property. This appeal concerns two 1/14 undivided interests in that property. We affirm.

The facts are essentially undisputed. W.L. Medley, Sr., and Della Medley acquired, during their marriage, a certain 8.7 acres of land. W.L. Medley, Sr., died leaving his wife a life estate in his one-half community interest, with a remainder in one of their sons, Curtis (a/k/a John), appellee. Subsequently, Della died intestate, leaving seven children living. Each child inherited a $\frac{1}{14}$th interest from his or her mother. Curtis acquired a one-half interest from his father upon his mother's death.

Among other transactions regarding this property, two of the children of W.L. Medley, Sr., and Della Medley executed deeds for their $\frac{1}{14}$ share to both appellant[1] and appellee, resulting in a dispute over the ownership of these two $\frac{1}{14}$ undivided shares.

N.B. Medley executed a deed to Curtis dated March 20, 1980. Novella Medley Floyd executed a deed dated April 1, 1980. Both of these deeds were recorded on October 21, 1981.

On April 9, 1981, N.B. Medley executed a deed to E.C. (Eulus) Medley; and, on April 23, 1981, Novella Medley Floyd executed a deed to E.C. (Eulus) Medley. These deeds were recorded on June 16, 1981.

Appellee sued appellant and others for partition, for removal of cloud on the title of this property and for declaratory relief. On appellee's Motion for Partial Summary Judgment, the trial court declared Curtis (a/k/a John) the owner of the two $\frac{1}{14}$ undivided shares of the property.

Appellant, in her only point of error, asserts that the trial court erred in declaring appellee owner of the property because appellant's deeds were recorded prior to appellee's deeds. TEX.REV.CIV.STAT.ANN. art. 6627 (Vernon 1969)[2] provides:

All bargains, sales and other conveyances whatever, of any land, tenements and hereditaments, whether they may be made for passing any estate of freehold of inheritance or for a term of years; and deeds of settlement upon marriage, whether land, money or other personal thing; and all deeds of trust and mortgages shall be void as to all creditors and subsequent purchasers for a valuable consideration without notice, unless they shall be acknowledged or proved and filed with the clerk, to be recorded as required by law; but the same as between the parties and their heirs, and as

---

1. E.C. (Eulus) Medley is now deceased. The appellant is his Independent Executor.

2. These provisions can now be found in TEX. PROP.CODE Ann. § 13.001, effective January 1, 1984. There was no intent to change the substance of the law. *See* Acts 1983, 68th Leg. p. 3475, ch. 576 § 7.

to all subsequent purchasers, with notice thereof or without valuable consideration, shall be valid and binding.

Appellant asserts that appellee failed to plead and prove that the deeds conveying the property to Eulus were not for a valuable consideration or that Eulus had notice of the deeds to Curtis; therefore, under TEX.REV.CIV.STAT.ANN. art. 6627 (Vernon 1969), the deed to Curtis is void as to Eulus and his heirs.

■ The general rule is that the burden of proof for summary judgment is on movant, and all doubts as to the existence of a genuine issue of material fact are resolved against him. *Bradley v. Quality Service Tanklines,* 659 S.W.2d 33 (Tex.1983); *Town North Bank v. Broaddus,* 569 S.W.2d 489 (Tex.1978).

■ A mere want of consideration is not ground for the avoidance of an executed deed. *Webster v. Mann,* 52 Tex. 416 (1880); *Pullman Wheat Growers Inc. v. Attebury Elevators, Inc.,* 502 S.W.2d 949 (Tex.Civ.App.—Amarillo 1973, writ ref'd n.r.e.). Consideration is only required for the junior deed. *See* TEX.REV.CIV.STAT. ANN. art. 6627 (Vernon 1969).

Appellee asserts that appellant has raised the issue of notice for the first time on appeal, that the burden of proof rests on appellant to show lack of notice and that appellant did not plead lack of notice.

■ It is well settled that the holder of a junior recorded deed has the burden of establishing, as against the holder of a senior unrecorded (or later recorded) deed seeking to derive the benefit of the above-quoted statute, the fact that he took title for a valuable consideration and without notice of the unrecorded instrument. *Dowson v. Bluhm,* 252 S.W.2d 515 (Tex.Civ. App.—Beaumont 1952, no writ). This is because the Recordation Law of 1836 did not require the junior holder to pay value and be without notice. 1 Laws of the Republic 148 § 40 (Tex.1836). When the law was changed in 1840, the legislature gave the benefit of the recording statute only to junior holders for consideration who were

without notice. *See Ryle v. Davidson,* 102 Tex. 227, 115 S.W. 28 (1909); TEX.REV. CIV.STAT.ANN. art. 6627 (Vernon 1969).

■ Because of this historical placement of the burden of proof, we will treat the invoking of Article 6627 as an affirmative defense. Appellant was required to come forward with evidence raising a fact issue on each element of the affirmative defense. *Zayle Corp. v. Rosenbaum,* 520 S.W.2d 889 (Tex.1975); *Kehoe v. Lambert,* 633 S.W.2d 576, (Tex.Civ.App.—Houston [14th Dist] 1982, writ ref'd n.r.e.). Tex.R.Civ.P. 94. We find that, there being no evidence on the issue of notice or lack thereof, no issue of material fact is left to be resolved. Appellant's point of error is overruled.

The judgment of the trial court is AFFIRMED.