# NO. 12-15-00169-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EARL ANDERSON, CARRIE BELL SCOTT, SHARON ANDERSON, EVANCE ANDERSON, BILL BURTON, WILLIE MAE ANDERSON, AND JERRY J. ANDERSON (SMITH), APPELLANTS* | *§* | *APPEAL FROM THE 173RD* |
| | | |
| | *§* | *JUDICIAL DISTRICT COURT* |
| *V.* | | |
| *ROBERT LOUIS DURHAM, APPELLEE* | *§* | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

In this suit regarding ownership of real property, Earl Anderson, Carrie Bell Scott, Sharon Anderson, Evance Anderson, Bill Burton, Willie Mae Anderson, and Jerry J. Anderson (Smith) (collectively Appellants) appeal from the trial court's order dismissing their claims against Robert Louis Durham. In two issues, Appellants contend the trial court erred in granting Durham's motion for summary judgment and striking portions of their summary judgment evidence. We affirm.

## BACKGROUND

Appellants filed a petition for declaratory judgment pursuant to the Texas Uniform Declaratory Judgments Act (DJA) regarding a 1932 deed by which B.A. Anderson and his wife, Martha, purportedly sold certain land in Henderson County to T.B. Wofford and Bush Wofford. Appellants contend that the deed is void and did not pass title. Therefore, they assert that B.A. owned an interest in the property at the time of his death in 1940. By their lawsuit, as descendants of B.A., and claiming an interest in the land, they sought to "clear title to the land." Appellants requested the trial court to render a declaratory judgment that Appellants "own the

property described" in the petition and that Durham owns property surrounding the property described in the petition.

Durham filed a counterclaim requesting a declaratory judgment validating his acquisition of fee simple title to the property or, in the alternative, judgment that he holds title by adverse possession. After Durham filed a motion for no evidence summary judgment, the trial court determined that a favorable ruling on that motion would be tantamount to sustaining special exceptions without allowing Appellants the opportunity to amend their petition. Therefore, the court allowed Appellants time to amend their petition. Appellants filed an amended petition but requested the same relief as they requested in their earlier petitions.

Durham filed an amended motion for no evidence and traditional summary judgment asserting several grounds for judgment. He asserted that Appellants' claim is an unpleaded cause of action for trespass to try title and they have no evidence supporting their claim of title to the property. He further argued that Appellants have no evidence of standing to assert a claim to the property. That is, they have no interest in the property and no evidence of an existing justiciable controversy. Likewise, he asserted that Appellants have no evidence that they hold any interest in the property under a deed, will, written contract, or other writing as required by the DJA and no evidence of a required justiciable controversy with Durham. In his traditional motion for summary judgment, Durham contended that Appellants' technical complaints about defects in the acknowledgment of the 1932 deed are time-barred. He also asserted that the acknowledgment and the recitations in the deed regarding consideration are sufficient.

Appellants filed a response to Durham's motion supported by numerous deeds and affidavits. They argued that they have submitted proof of superior title out of a common source, B.A. Anderson. They asserted that they have standing because they are the direct descendants of B.A. and Martha Anderson, and they argued that Durham's deed is a cloud on their title because it stems from the contested 1932 deed. In response to the motion for traditional summary judgment, Appellants asserted that their claim that the deed is invalid is not based on technical defects and is therefore not time-barred. They argued that the deed has been altered and without a properly executed deed, title does not pass. They further argued that the deed lacks consideration. The trial court rendered judgment in favor of Durham, granting his motion "in all respects" and ordering that Appellants' claims against Durham are dismissed.

## JURISDICTION

We are obligated to determine, sua sponte, our jurisdiction to hear and consider an appeal. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). Unless one of the sources of our authority specifically authorizes an interlocutory appeal, we have jurisdiction only over an appeal taken from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Id*. at 205.

Here, the trial court specifically dismissed Appellants' claims. Additionally, the judgment provides that "[t]his judgment finally disposes of all parties and all claims and is appealable." This language leaves no doubt that the court intended to make the order final and appealable. *See id*. at 206. However, Durham's motion for summary judgment does not address his counterclaim. Therefore, the trial court's judgment either impliedly ruled on Durham's counterclaim or failed to adjudicate it. Such a judgment is erroneous, but final, and we have jurisdiction. *Id*.; *Cammack the Cook, L.L.C. v. Eastburn*, 296 S.W.3d 884, 890 (Tex. App.−Texarkana 2009, pet. denied).

Summary judgment cannot be affirmed on a ground not addressed in the summary judgment motion. *State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010). Because Durham was the author of his counterclaim as well as his motion for summary judgment, we might infer that he abandoned his counterclaim. However, there is no indication in the record that he followed the procedure provided for in Texas Rule of Civil Procedure 165 for abandoning a claim. *See* TEX. R. CIV. P. 165. The record on appeal does not indicate a legal basis for adjudication of Durham's counterclaim. As such, the trial court erred in entering a final judgment that did so. However, the erroneous rendition of a final judgment is not fundamental error. *Young v. Hodde*, 682 S.W.2d 236, 237 (Tex. 1984). Because Durham did not raise an issue on appeal as to the improper adjudication of his counterclaim, we will not address this issue and limit our appellate review to the propriety of the trial court's order granting Durham's motion for summary judgment. *See Miranda v. Byles*, 390 S.W.3d 543, 551-52 (Tex. App.−Houston [1st Dist.] 2012, pet. denied).

In their multifarious first issue, Appellants contend that the trial court erred in granting the no evidence and traditional motions for summary judgment. Regarding the traditional motion, they argue that the 1932 deed was not properly executed and there are defects in Durham's chain of title. They assert numerous arguments regarding the motion for no evidence summary judgment. They argue that they were not required to submit a claim for trespass to try title because the trial court can recharacterize their pleadings and treat the claim as one for trespass to try title. Therefore, their characterization of the claim as one for declaratory judgment cannot be the basis for the trial court's order. They also assert that the family history they presented proves they are the direct descendants of B.A. Anderson and therefore have standing to bring this lawsuit. Additionally, they argue that Durham's answer placed the case in dispute, Durham's chain of title is defective, Appellants have a claim through the Anderson County Cattle Company, and the trial court erred by refusing a continuance so Appellants could establish title evidence.

**Standard of Review**

We review the trial court's decision to grant summary judgment de novo. *Tex. Mun. Power Agency v. Pub. Util. Comm'n*, 253 S.W.3d 184, 192 (Tex. 2007). After adequate time for discovery, a party without the burden of proof at trial may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense. TEX. R. CIV. P. 166a(i). Once a no evidence motion has been filed in accordance with Rule 166a(i), the burden shifts to the nonmovant to bring forth evidence that raises a fact issue on the challenged element. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). A no evidence summary judgment is essentially a pretrial directed verdict and is therefore reviewed by the same legal sufficiency standard applicable to a directed verdict. *Id.* at 581; *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). The entire record must be reviewed in the light most favorable to the nonmovant, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence and inferences unless reasonable jurors could not. *Gonzalez v. Ramirez*, 463 S.W.3d 499, 504 (Tex. 2015) (per curiam). A no evidence challenge will be sustained when

> (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence

offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.

***Merriman v. XTO Energy, Inc.***, 407 S.W.3d 244, 248 (Tex. 2013). More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair minded jurors to differ in their conclusions. ***Wal-Mart Stores, Inc. v. Spates***, 186 S.W.3d 566, 568 (Tex. 2006) (per curiam); ***Forbes Inc. v. Granada Biosciences, Inc.***, 124 S.W.3d 167, 172 (Tex. 2003). The motion must specifically state the elements for which there is no evidence. ***Salazar v. Ramos***, 361 S.W.3d 739, 745 (Tex. App.—El Paso 2012, pet. denied). When a party has moved for summary judgment on both traditional and no evidence grounds, we typically first review the propriety of the summary judgment under the no evidence standard. *See* TEX. R. CIV. P. 166a(i); ***Ford Motor Co. v. Ridgway***, 135 S.W.3d 598, 600 (Tex. 2004).

**Applicable Law**

A trespass to try title action is the method of determining title to lands, tenements, or other real property. TEX. PROP. CODE ANN. § 22.001 (West 2014). This statute is typically used to clear problems in chains of title or to recover possession of land unlawfully withheld from the rightful owner. ***Martin v. Amerman***, 133 S.W.3d 262, 265 (Tex. 2004). Trespass to try title is the exclusive remedy to resolve competing claims for property. ***Lile v. Smith***, 291 S.W.3d 75, 77 (Tex. App.–Texarkana 2009, no pet.). In a trespass to try title action, the prevailing party's remedy is title to, and possession of, the real property interest at issue. ***Vernon v. Perrien***, 390 S.W.3d 47, 54 (Tex. App.–El Paso 2012, pet. denied).

The relevant portion of the DJA states as follows:

> A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West 2015).

The DJA provides an efficient vehicle for parties to seek a declaration of rights under certain instruments. ***Amerman***, 133 S.W.3d at 265. If resolution of a dispute does not require a determination of which party held title at a particular time, the dispute can properly be raised in a declaratory judgment action; in other words, if the determination only prospectively implicates

5

title, then the dispute does not have to be brought as a trespass to try title action. *I-10 Colony, Inc. v. Lee*, 393 S.W.3d 467, 475 (Tex. App.–Houston [14th Dist.] 2012, pet. denied). However, the DJA cannot be invoked when it would interfere with some other exclusive remedy. *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009).

<u>Analysis</u>

Whether addressed under the DJA or as a trespass to try title claim, the result is the same here. To bring a suit pursuant to the DJA, Appellants had to show they were "interested under" the 1932 deed. TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a). To maintain an action for trespass to try title, Appellants must have title to the land sought to be recovered. *Ramsey v. Grizzle*, 313 S.W.3d 498, 505 (Tex. App.–Texarkana 2010, no pet.). In his no evidence motion for summary judgment, Durham asserted that Appellants have no evidence supporting their claim of title or that they hold an interest in the property at issue.

Appellants rely on a 1932 deed in support of their claims against Durham. They assert that they presented deeds showing the chain of title from B.A. Anderson to Durham's purported deed and they claim to have superior title out of a common source.

Contrary to Appellants' position, pursuant to the 1932 deed, B.A. Anderson and Martha Anderson conveyed a tract of land in Henderson County, the property at issue, to T.B. Wofford and Bush Wofford. On its face, the deed shows that Appellants are not "interested under" the deed and therefore not entitled to bring suit under the DJA. Likewise, even assuming Appellants are heirs of B.A. and Martha Anderson, the deed shows that the property was sold in 1932 and therefore not owned by B.A. and Martha when they died or available to be inherited by heirs. Thus, Durham showed there is no evidence that Appellants are interested under the deed or that they have title to the property. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a); *Merriman*, 407 S.W.3d at 248; *Ramsey*, 313 S.W.3d at 505. It was incumbent upon Appellants to bring forth evidence that raises a fact question. *Mack Trucks, Inc.*, 206 S.W.3d at 582.

Appellants argue that the deed is not valid because it "has been altered and contains several strikes through undecipherable sentences under the section for approval by a wife" and the "alterations in the deed prevent a reasonable determination of the certificate necessary for approval by Martha Anderson." They also contend that "the deed lacks consideration because the subsequent conveyance purportedly cancelled vendor's liens not owed to the grantees."

6

Because the deed was not valid, the argument continues, B.A. Anderson retained title to the property until his death and it then passed to his heirs.

Not only do these arguments not constitute evidence raising fact questions, but they can be resolved as a matter of law. The alleged alterations are contained in the wife's acknowledgment. This type of defect must be raised in a suit filed no later than two years after the day the instrument was filed of record. TEX. CIV. PRAC. & REM. CODE ANN. § 16.033(a)(8) (West Supp. 2015). The deed was filed in 1935. Further, consideration for a deed is not required. *McKee v. Douglas*, 362 S.W.2d 870, 876 (Tex. Civ. App.−Texarkana 1962, writ ref'd n.r.e.). Therefore, want of consideration is not a ground for avoidance of an executed deed. *Medley v. Medley*, 683 S.W.2d 877, 879 (Tex. App.−Corpus Christi 1984, no writ). Moreover, the deed recites the consideration received by the Andersons as

> $10.00 cash and the further consideration of the cancellation and delivery up to us eight (8) Vendor's Lien Notes each in the sum of $160.00 bearing date of November 4th, 1917 and due October 1st, 1920, '21, '22, '23, '24, '25, '26 and 1927 respectively, payable to Geo. W. Wofford or order. With interest thereon from date until maturity at the rate of ten per centum per annum, interest payable annually, payable at Athens, Texas, . . . .

Recitals of consideration in a deed are prima facie evidence of the amount and payment of consideration. *See Watson v. Tipton*, 274 S.W.3d 791, 802 (Tex. App.−Fort Worth 2008, pet. denied).

Appellants have not raised a fact question on the challenged elements of title or interest under the 1932 deed. *See Mack Trucks, Inc.*, 206 S.W.3d at 582. Accordingly, the trial court did not err in granting Durham's no evidence motion for summary judgment. *See Merriman*, 407 S.W.3d at 248. We overrule Appellants' first issue to the extent they assert that they raised fact questions to defeat the motion. We need not reach the remainder of Appellants' arguments under their first issue or their second issue. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

We *affirm* the trial court's order granting Durham's no evidence motion for summary judgment.

7

__G__REG __N__EELEY

Justice

Opinion delivered July 29, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 29, 2016

NO. 12-15-00169-CV

**EARL ANDERSON, CARRIE BELL SCOTT, SHARON ANDERSON, EVANCE ANDERSON, BILL BURTON, WILLIE MAE ANDERSON, AND JERRY J. ANDERSON (SMITH),**
Appellants
V.
**ROBERT LOUIS DURHAM,**
Appellee

Appeal from the 173rd District Court

of Henderson County, Texas (Tr.Ct.No. 2012A-0662)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment of the court below.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be in all things **affirmed** and that all costs of this appeal are hereby adjudged against the Appellants, **EARL ANDERSON, CARRIE BELL SCOTT, SHARON ANDERSON, EVANCE ANDERSON, BILL BURTON, WILLIE MAE ANDERSON, and JERRY J. ANDERSON (SMITH)**; and that the decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*