Leif TOOMBS, Appellant,

v.

Harry H. COATES et ux., Appellees.

No. B2291.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

March 5, 1980.

Larkin T. Thedford, Edna, for appellant.

G. William Rider, Rosemary T. DuPree, Dibrell, Dibrell, Greer & Brown, Galveston, for appellees.

Before COULSON, SALAZAR and JU-NELL, JJ.

SALAZAR, Justice.

This is an appeal from a summary judgment awarding recovery on a promissory note. We affirm.

Appellant Toombs was married to the daughter of appellees Harry Coates and wife at the time he signed the promissory note. Toombs and his wife have since divorced, and liability on the promissory note was not included in the property settlement ordered by the court of domestic relations. Appellees brought suit on the note after appellant refused to pay.

Appellant claims that the court below erred in the following points: (1) in not permitting appellant to develop evidence to support his affirmative defenses of release, laches, estoppel and res judicata (a) by sustaining appellees' objections to interrogatories and (b) by refusing to admit into evidence the divorce decree to show res judicata, (2) in not allowing his ex-wife to be made a third-party defendant, and (3) in granting summary judgment when fact issues were presented by the summary judgment proof.

■ The interrogatories which the court did not require appellees to answer were to discover the whereabouts of the ex-wife, the residence of the child, and appellees' interest in the divorce suit.

The rule governing the scope of examination in discovery would have permitted appellant to discover the information he sought if it related to his defenses. Tex.R. Civ.P. 186a. The information sought, however, did not directly relate to his defenses but only to his efforts to get information from his wife. Moreover, even if the answers sought would have been competent summary judgment proof (a question which we do not pass upon), appellant could have sworn in his affidavit the facts establishing his defenses. The facts he did swear to fell far short of establishing his affirmative defenses. Therefore, the court below did not err in sustaining appellees' objections to the interrogatories.

■ It was not error for the court to exclude the divorce decree from evidence since it did not evidence facts material to the defenses raised by appellant.

■■ It was not error for the court to refuse to allow appellant's ex-wife to be made a third-party defendant. It is discretionary with the court to allow defendants to bring in third parties, Tex.R.Civ.P. 38(a), and appellant has not shown this court that the trial court abused its discretion. Moreover, the record does not indicate that appellant asked leave of the trial court to file a third-party action against his ex-wife or that the trial court denied such leave.

■ Having disposed of the points of error relating to summary judgment proof which the court excluded and therefore did not consider, it is apparent that appellant brought no proper summary judgment proof before the trial court which could have established any of appellant's affirmative defenses or any other genuine issues of fact. *See Gibbs v. General Motors Corp.,* 450 S.W.2d 827 (Tex.1970).

We, therefore, affirm the judgment of the trial court.