Marvel Putnam KEHOE, Appellant,

v.

Charles LAMBERT, et al., Appellees.

No. A2922.

Court of Appeals of Texas,
Houston (14th Dist.).

March 18, 1982.

Harding J. Rome, Krist & Scott, Houston, for appellant.

Stephen W. Hanks, Helm, Pletcher & Hogan, Houston, for appellees.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

Marvel Putnam Kehoe, plaintiff in the court below, appeals from summary judg-

ment granted appellees, representatives of the estate of Charles E. Lambert and defendants in the court below. We reverse and render.

Charles Lambert's business partner, C. J. Kehoe, divorced appellant Marvel Putnam Kehoe in 1972. As part of the property settlement, Kehoe purchased Mrs. Kehoe's interest in the Lambert-Kehoe business with a promissory note for $312,564.85. The note provided for quarterly interest payments beginning in June of 1972, the principal and any unpaid interest being due and payable June 9, 1977. As additional security Lambert executed a specific unconditional guaranty securing the first $50,000 of the debt. Kehoe defaulted and, in 1977, Mrs. Kehoe filed suit and obtained judgment against him for $355,804.79. In February, 1978, Mrs. Kehoe brought suit to collect the $50,000 which Lambert had guaranteed; because Lambert had died, his co-executors, co-executrix and trustee were named as defendants. After hearing motions for summary judgment filed by Mrs. Kehoe and by the appellees, the trial court granted summary judgment for appellees, who had argued that, by virtue of the acceleration clause contained in the note, the entire note had become due and payable when Kehoe did not make his September, 1972, interest payment, causing the four year statute of limitations to begin to run and barring Mrs. Kehoe's cause of action on Lambert's guaranty.

On appeal Mrs. Kehoe contends that the trial court erred (1) in granting appellees' motion for summary judgment and (2) in overruling her motion for summary judgment. The determinative issue in this appeal is whether, when the September, 1972, interest payment was not paid, maturity of the Kehoe note was accelerated under the language of the following clause contained in the note:

This note shall become immediately due and payable, at the option of the Payee or other holder thereof, without presentment or demand or any notice to the Maker or any other person obligated hereon, upon default in the payment of any installment hereon.

Appellees argue that because presentment, demand, or notice is not required, the express language of the above acceleration clause provides for automatic acceleration upon default. We do not agree. Appellees' interpretation ignores the express language that acceleration is at the option of payee. As a general rule, demand must be made before exercising an option to accelerate, for "equity demands notice of the exercise of the option to accelerate. *Brown v. Hewitt*, [143 S.W.2d 223 (Tex.Civ.App.—Galveston 1940, writ ref'd)]." *Allen Sales & Servicenter, Inc. v. Ryan*, 525 S.W.2d 863 (Tex.1975). It is equally well settled that when an option to accelerate is accompanied by an express waiver of notice, demand, and/or presentment, such notice, demand, and/or presentment is not a prerequisite to acceleration. *Valley v. Patterson*, 614 S.W.2d 867 (Tex. Civ.App.—Corpus Christi 1981, no writ); *Burnett v. Manufacturer's Hanover Trust*, 593 S.W.2d 755 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.); *Sylvester v. Watkins*, 538 S.W.2d 827 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.); *Interstate Life Insurance Co. v. Turner*, 371 S.W.2d 913 (Tex.Civ.App. —Waco 1963, writ ref'd n.r.e.). This is not to say, however, that waiver of notice transforms an optional acceleration clause into an automatic one. In words which have been quoted with approval by the Texas Supreme Court in *Motor & Industrial Finance Corp. v. Hughes*, 157 Tex. 276, 302 S.W.2d 386, 394 (1957) and *Ramo, Inc. v. English*, 500 S.W.2d 461, 466 (Tex.1973), a clause automatically accelerating maturity of a debt has been described as

a remedy that is harsh in its nature, and provisions therefor, in order to be effective, should be clear and unequivocal; and if there is a reasonable doubt as to the meaning of the terms employed, preference should be given to that construction which will avoid the forfeiture and prevent acceleration of the maturity of the debt.

*Crumley v. Ramsey*, 93 S.W.2d 191, 192–193 (Tex.Civ.App.—Waco 1936, writ ref'd). The

fact that the terms of the note expressly waive notice does not negate Mrs. Kehoe's express right to accelerate the maturity of the note upon default (or to not do so) *at her option.* Where, upon default in payment of an installment, an acceleration provision is at the option of the holder, limitation against the entire obligation runs only from the time of the exercise of the option. *Curtis v. Speck,* 130 S.W.2d 348 (Tex.Civ. App.—Galveston 1939, writ ref'd). The exercise of an option to accelerate must be effected in a clear and unequivocal manner. *Id.; Purnell v. Follett,* 555 S.W.2d 761 (Tex. Civ.App.—Houston [14th Dist.] 1977, no writ); *City National Bank v. Pope,* 260 S.W. 903 (Tex.Civ.App.—San Antonio 1924, no writ). While *Curtis, Purnell,* and *City National Bank* do not involve acceleration clauses in which the parties waived notice, the underlying rationale remains applicable to such an acceleration clause. Our review of the record reveals that appellees produced no summary judgment proof whatsoever to demonstrate that Mrs. Kehoe intended to exercise her option to accelerate the note. They rely entirely on Mrs. Kehoe's answers to interrogatories, which show that Kehoe failed to make his September, 1972, interest payment. In our opinion the summary judgment proof does not compel the conclusion that Mrs. Kehoe intended to exercise the optional acceleration clause in September, 1972. We therefore reverse the summary judgment granted by the trial court.

We now consider Mrs. Kehoe's contention that the trial court erred in overruling her motion for summary judgment.

■ In order to be entitled to judgment as a matter of law, the movant for summary judgment has the burden of showing that there is no genuine issue of material fact. Tex.R.Civ.P. 166–A; *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979); *Wilcox v. St. Mary's University of San Antonio, Inc.,* 531 S.W.2d 589 (Tex.1975). Pleadings do not constitute summary judgment proof. *City of Houston v. Clear Creek Basin Authority, supra.* The mere pleading of an affirmative defense, without proof, will not defeat an otherwise valid motion for summary judgment. *Toombs v. Coats,* 596 S.W.2d 295 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). The non-movant has the burden of coming forward with proof which raises a fact issue with respect to his affirmative defense. *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889 (Tex.1975); *Nichols v. Smith,* 507 S.W.2d 518 (Tex.1974); *"Moore" Burger, Inc. v. Phillips Petroleum Co.,* 492 S.W.2d 934 (Tex.1972).

■ In response to Mrs. Kehoe's motion for summary judgment appellees filed an unsworn response claiming the same affirmative defense of limitations previously discussed. Appellees' sole contention is that, because Mrs. Kehoe had the *right* to accelerate the note when Kehoe failed to make the September, 1972, interest payment, the note was automatically matured as of that date. They do not claim that Mrs. Kehoe did anything to evidence an intention to accelerate the maturity of the note, and the record before us reveals no summary judgment proof that Mrs. Kehoe exercised her option to accelerate maturity of the note. In our opinion Mrs. Kehoe's affidavit in support of her motion for summary judgment establishes her right to judgment, and Appellees failed to meet their burden with respect to their affirmative defense. We therefore render judgment in Mrs. Kehoe's favor.

Reversed and rendered.