Fieseler v. Whitworth 






AFFIRMED
OCTOBER 11, 1990

NO. 10-90-048-CV
Trial Court
# 249-312-87
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

CAL L. FIESELER,
Â Â Â Appellant
v.

THOMAS D. WHITWORTH,
Â Â Â Appellee

* * * * * * * * * * * * *

 From 249th Judicial District Court
Johnson County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
This is a suit on a contract for consultant services. The
trial court entered a summary judgment in favor of the Defendant to
the effect that the Plaintiff take nothing, from which the
Plaintiff appeals. We affirm the trial court's judgment.
On or about February 4, 1985, Plaintiff-Appellant Cal L.
Fieseler sold to Defendant-Appellee Thomas D. Whitworth a retail
convenience store known and identified as "Vines No. 4," same being
located in Burleson, Texas.
In essence said contract provided that Plaintiff-Appellant
Fieseler agreed to perform consultant services to or for Defendant-Appellee Whitworth concerning the beer, wine, and convenience store
in question, at Whitworth's request, such services not to exceed
ten hours per week; and for such services Whitworth agreed to pay
Fieseler $550.00 per month, until the termination date of the
contract, same being February 28, 1994.
Whitworth made the payments pursuant to the terms of the
contract until August 1987, since which last-named date Whitworth
has made no payments.
On or about February 4, 1985, Fieseler and Whitworth entered
into two separate contracts, one being a purchase and sale
agreement in which Fieseler sold to Whitworth the beer, wine, and
convenience store known as "Vines No. 4." This contract is not in
issue. The second contract, same being the one sued upon in the
case at bar, was entitled, "Consultant Agreement," which provided
for consulting services to be rendered by Fieseler as hereinbefore
set out.
The Vines No. 4 store was located in the Tarrant County part
of the City of Burleson, Texas. Said city extends about one-quarter mile into Tarrant County, Texas, on U.S. Highway Interstate
35. In other words, the store was located on Highway I-35 in
Tarrant County, which is a "wet" county. The remainder of Burleson
is in Johnson County, which is a "dry" county in which the sale of
beer or wine is not permitted.
Plaintiff-Appellant Fieseler provided consultant services for
about two weeks following February 5, 1985. Within ninety days
from the beginning date of the contract in question, Plaintiff-Appellant Fieseler had moved from Burleson, Texas, to Glen Rose,
Texas, where he went to work and has been employed there up to the
time of trial.
As stated, Defendant-Appellee Whitworth made the monthly
payments under the terms of the contract until August 1987.
At the time the consultation contract was entered into and
thereafter, the "Vines No. 4" store was located in leased premises
owned by a third party named Dorothy Davenport. By letter to
Defendant-Appellee Whitworth dated June 15, 1987, Ms. Davenport
notified Whitworth that she would not renew the lease on the
premises. Whitworth replied to Ms. Davenport by letter of June 29,
1987, endeavoring to persuade Ms. Davenport to renew the lease;
however, the lease was terminated in August 1987, and thereafter
the building was demolished by the landowner in January 1988.
Plaintiff-Appellant Fieseler brought this suit against
Defendant-Appellee Whitworth for the unpaid monthly installments
and for attorney fees. Whitworth's pleadings included a defense of
impossibility of performance, based upon the lessor's refusal to
renew the lease and subsequent demolition of the building where
Vines No. 4 was located. Thereafter, Whitworth filed a motion for
summary judgment accompanied by summary judgment proof setting up
inter alia, the defense of impossibility of performance, setting
out substantially the facts hereinabove stated. The summary
judgment proof showed that Fieseler admitted that the consultation
agreement applied only to the Vines No. 4 store. The undisputed
summary judgment evidence as set up by Defendant-Appellee Whitworth
showed that Whitworth no longer leased the building and did not
operate the store after September 1, 1987, and that the building
was demolished by the landowner in January 1988 and was not
rebuilt.
After hearing, the trial court granted Defendant-Appellee
Whitworth's motion for summary judgment and entered judgment that
Plaintiff-Appellant Fieseler take nothing, from which Fieseler
appeals on one point of error, to-wit, that the trial court erred
in granting the motion for summary judgment because (he asserts)
there existed genuine issues of fact and therefore Whitworth was
not entitled to judgment as a matter of law. In view of Rule 166A,
Texas Rules of Civil Procedure, as it is now constituted, we
disagree with Appellant and affirm the trial court's judgment.
We have carefully examined Plaintiff-Appellant's summary
judgment proof, and do not find any summary judgment evidence which
would rebut movant Whitworth's summary judgment proof of
impossibility of performance, so as to set up a fact issue.
Plaintiff-Appellant Fieseler as non-movant had a duty to come
forward with summary judgment proof to rebut (movant) Defendant-Appellee Whitworth's summary judgment proof of impossibility of
performance in order to raise a fact issue. This he did not do. 
Rule 166A, Texas Rules of Civil Procedure; City of Houston v. Clear
Creek Basin Authority (Tex. 1979) 589 S.W.2d 671. Pleadings do not
constitute summary judgment proof. Hidalgo v. Sur. Savings and
Loan Assn (Tex. 1971) 462 S.W.2d 540.
With the exception of an attack on the legal sufficiency of
the grounds expressly raised by the movant in his motion for
summary judgment, the non-movant must expressly present to the
trial court any reasons seeking to avoid movant's entitlement, and
he must present summary judgment proof when necessary to establish
a fact issue. City of Houston v. Clear Creek Basin Authority,
supra, at page 678. Moreover, Rule 166A as it now exists precludes
from consideration on appeal grounds not raised in the trial court
in opposition to a summary judgment motion. Also see Westland Oil
Development Corporation v. Gulf Oil Corporation (Tex. 1982) 637
S.W.2d 903; O'Shea v. Coronado Transmission Co. (Corpus Christi CA
1983) 656 S.W.2d 557, NRE; Kehoe v. Lambert (Houston 14th CA 1982)
633 S.W.2d 576, NRE.
For the reasons herein stated, judgment of the trial court is
affirmed.
AFFIRMED
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â JOHN A. JAMES, JR.
DO NOT PUBLISHJustice (Retired)

[Participating: Chief Justice Thomas, Justices Hall and Means and
Justice James (Retired)]



t. 2052, 80
L.Ed.2d 674 (1984).  To prevail, a
defendant must first show that his counselÂs performance was deficient and fell
below an objective standard of reasonableness.Â  Id. at 687, 104 S.Ct. at
2064; see Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).Â 
Then it must be shown that this deficient performance prejudiced the defense.Â  Strickland,
466 U.S. at 687, 104 S.Ct. at 2064.

We have previously held that defense counselÂs
failure to request notice under
article 37.07, Â§ 3(g) is unreasonable and not justifiable as sound trial
strategy.Â  See Loredo v. State, 157 S.W.3d 26, 29-30 (Tex. App.ÂWaco 2004,
pet. refÂd).Â  Walker has thus met his burden on the first prong.Â  

The second prong of Strickland requires a
showing that counselÂs errors were so serious that they deprived the defendant
of a fair trialÂa trial whose result is reliable.Â  Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; Loredo, 157 S.W.3d at 30.Â  The appellant must show a
reasonable probability that, but for counselÂs unprofessional errors, the
result of the proceeding would have been different.Â  Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.Â Â  A reasonable probability is a probability sufficient to
undermine confidence in the outcome.Â  Id. at 669, 104 S.Ct. at 2056.

The State called two punishment witnesses, Helen
Sullivan and Gary Greene.Â  Sullivan, a loss prevention officer, testified that Walker had participated in shoplifting clothing at KohlÂs.Â  WalkerÂs trial counsel, who
later admitted to having previously seen the video or still photos of the
shoplifting episode in the prosecutorÂs file and thus knew about it, adequately
cross-examined Sullivan.

Greene, a police officer, testified that he had
stopped Walker for an expired license plate and that Walker smelled of
marihuana.Â  The trial court excluded a video of the traffic stop because of
lack of notice.Â  Greene said that he gave Walker citations for no license and
no liability insurance, and as of the time of trial, an arrest warrant was out
for those citations.Â  Greene was adequately cross-examined.

Nothing in the record indicates, and Walker does not argue, that his trial counsel would have taken different steps to rebut or
object to the StateÂs evidence had he received written notice of these
extraneous bad acts.Â  See Loredo, 157 S.W.3d at 31; see also Hinton
v. State, 166 S.W.3d 331, 333 (Tex. App.ÂWaco 2005, pet. refÂd).Â  There is
also nothing in the record to indicate that the jury might have assessed less
than 30 years; he was facing up to life imprisonment and a $10,000 fine.Â  Based
on the record, it is not reasonably probable that WalkerÂs sentence would have
been any less.Â  Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Loredo,
157 S.W.3d at 31.Â  Therefore, counselÂs error was not so serious that it
deprived Walker of a fair trial.Â  466 U.S. at 687, 104 S.Ct. at 2064; Loredo,
157 S.W.3d at 31.Â Â  This error was not of a magnitude significant enough to
render WalkerÂs trial counsel ineffective.Â  Loredo, 157 S.W.3d at 31.Â 
We overrule issue two.

We affirm the trial courtÂs judgment.Â  Â 

Â 

BILL VANCE

Justice

Â 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray concurs only in the judgment
and not this opinion.Â  No separate opinion will be issued.)

Affirmed

Opinion
delivered and filed December 6, 2006

Do
not publish

[CRPM]