Eubanks v. Dyck-O'Neal, Inc. 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-164-CV





KENNETH EUBANKS AND IRENE EUBANKS,



 APPELLANTS


vs.





DYCK-O'NEAL, INC.,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY



NO. 212,598, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING



 





 Appellee, Dyck-O'Neal, Inc., brought suit against appellants, Kenneth and Irene
Eubanks, to collect the balance due on a note. The suit was tried to the court, which rendered
final judgment in favor of Dyck-O'Neal. The Eubanks appeal. We will affirm the judgment of
the trial court.



BACKGROUND



 On April 30, 1986, the Eubanks executed a promissory note for $54,000.00,
payable to Mullis Mortgage Investments, Inc. Payments on the note were due on the first of each
month, with May 1, 2016 as the maturity date of the note. Concurrent with the execution of the
note, the Eubanks executed a deed of trust that secured the debt with property described in the
note. 

 On December 1, 1987, the Eubanks ceased making monthly payments on the note. 
The Eubanks received written notice dated June 13, 1988, warning that if their payments were not
brought current, the note would be accelerated. The Eubanks did not make their late payments,
and the maturity date on the note was accelerated on August 12, 1988.

 On April 30, 1992, Dyck-O'Neal filed suit to recover the unpaid balance on the
note. Dyck-O'Neal claimed to be the legal owner of the note by assignment, but was able to
produce only a copy of the note, not the original. The fact that the original note was lost forms
the crux of most of the Eubanks' points of error on appeal. After a bench trial, the trial court
rendered judgment for Dyck-O'Neal.

 The Eubanks appeal, raising eight points of error. In points of error one through
three, the Eubanks challenge several evidentiary rulings. In points of error four through seven,
the Eubanks raise legal and factual sufficiency challenges to the trial court's implied findings that
Dyck-O'Neal was assigned an interest in the note and was the legal owner of the note. In point
of error eight, the Eubanks contend that the trial court erred by failing to find that the applicable
statute of limitations barred Dyck-O'Neal's suit on the note.



DISCUSSION


 In points of error four through seven, the Eubanks contend there is legally and
factually insufficient evidence that Dyck-O'Neal was assigned any interest in the note or was the
legal owner of the note. The Eubanks claim that Dyck-O'Neal cannot be an owner of the note
because Dyck-O'Neal was not a holder in due course and was assigned an interest in only the deed
of trust, not the note.

 Because this was a bench trial, and no findings of fact or conclusions of law were
requested, we will infer that the trial court made all the necessary findings to support its judgment. 
Holt Atherton Indus. v. Heine, 835 S.W.2d 80, 83 (Tex. 1992) (quoting Burnet v. Motyka, 610
S.W.2d 735, 736 (Tex. 1980)). Because the record contains a statement of facts, the trial court's
implied findings may be challenged by factual or legal sufficiency points. Holt, 835 S.W.2d at
84; Burnett, 610 S.W.2d at 736. In deciding a no evidence point, we must consider only the
evidence and inferences tending to support the finding of the trier of fact and disregard all
evidence and inferences to the contrary. Alm v. Aluminum Co. of Am., 717 S.W.2d 588, 593
(Tex. 1986), cert. denied, 498 U.S. 847 (1990); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex.
1965). In deciding a factual sufficiency point, we must consider and weigh all the evidence and
should set aside the judgment only if it is so contrary to the overwhelming weight of the evidence
as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); In re King's
Estate, 244 S.W.2d 660, 661 (Tex. 1951); see also Pool v. Ford Motor Co., 715 S.W.2d 629
(Tex. 1986).

 The statement of facts reveals that the trial court relied upon a provision of the
Texas version of the Uniform Commercial Code (UCC) in reaching its decision. Tex. Bus.
& Com. Code Ann. § 3.804 (West 1968). Therefore, as a threshold issue, we must determine
whether the UCC applies.

 Section 3.103(a) of the Business and Commerce Code states, "This chapter does
not apply to money, documents of title or investment securities." Tex. Bus. & Com. Code Ann.
§ 3.103(a) (West 1968). The official comment for the section elaborates on the scope of the
chapter: "This Article is restricted to commercial paper--that is to say, to drafts, checks,
certificates of deposits and notes as defined in Section 3-104(2)." Tex. Bus. & Com. Code Ann.
§ 3.103-1 cmt. (West 1968) (emphasis added). Section 3.104 defines a "note" as "a promise other
than a certificate of deposit" that meets the requirements of a negotiable instrument. A negotiable
instrument must:



(1) be signed by the maker or drawer; and


(2) contain an unconditional promise or order to pay a sum certain in money and
no other promise, order, obligation or power given by the maker or drawer
except as authorized by this chapter; and 


(3) be payable on demand or at a definite time; and


(4) be payable to order or bearer.



Tex. Bus. & Com. Code Ann. § 3.104(a) (West 1968). 

 The note in the instant case qualifies as a negotiable instrument under section
3.104. Accordingly, because section 3.103(a) includes such notes within the scope of the chapter,
we conclude that chapter 3 of the Business and Commerce Code governs this case.

 Section 3.804, entitled "Lost, Destroyed or Stolen Instruments," reads as follows:



The owner of an instrument which is lost, whether by destruction, theft or
otherwise, may maintain an action in his own name and recover from any party
liable thereon upon due proof of his ownership, the facts which prevent his
production of the instrument and its terms. The court may require security
indemnifying the defendant against loss by reason of further claims on the
instrument.



Tex. Bus. & Com. Code Ann. § 3.804 (West 1968).

 Dyck-O'Neal presented the following evidence to establish its ownership of the
note. Dyck-O'Neal called as a witness its vice president and custodian of records, who testified
that the note was assigned first from Mullis Mortgage Investments, Inc.--the original note holder--to
Residential Mortgage Corporation, then from Residential to Federal National Mortgage
Association (Fannie Mae), then from Fannie Mae to Dyck-O'Neal. Dyck-O'Neal also presented
a "lost note affidavit," signed by a Fannie Mae vice president, stating that Fannie Mae was the
legal owner and holder of the note until it was assigned to Dyck-O'Neal, that Fannie Mae had lost
the original copy of the note prior to assignment, and that the note was not in the possession of
any person having any lawful claim to it. A "true and correct copy" of the note was attached to
the affidavit.

 Finally, Dyck-O'Neal produced two documents entitled "Corporation Assignment
of Deed of Trust," which, together with the above evidence, demonstrate a clear chain of title
from the original note holder to Dyck-O'Neal. The first of these documents reflects that the first
note holder, Mullis Mortgage Investments, Inc., assigned its interest in the deed of trust "together
with the note or notes therein described" to Residential Mortgage Corporation. The second
document indicates a similar assignment from Residential to Fannie Mae. The Eubanks presented
no evidence that Dyck-O'Neal was not the owner. We conclude that this evidence is both legally
and factually sufficient to support the trial court's implied findings that Dyck-O'Neal was assigned
an interest in the note and was the legal owner of the note under section 3.804. Points of error
four through seven are overruled.

 In points of error one through three, the Eubanks challenge several evidentiary
rulings. In point of error one, the Eubanks contend that the trial court erred in overruling their
objection to the admission of plaintiff's exhibit one, a copy of the promissory note, which they
argued was not relevant. The admission or exclusion of evidence rests within the sound discretion
of the trial court. Tracy v. Annie's Attic, Inc. 840 S.W.2d 527, 531 (Tex. App.--Tyler 1992, writ
denied); Luvual v. Henke & Pillot, 366 S.W.2d 831, 838 (Tex. Civ. App.--Houston [1st Dist.]
1963, writ ref'd n.r.e.). Given that this was a suit on a note, and the original note was lost, the
trial judge did not err by determining that a copy of the lost note was relevant to the suit, and
accordingly admitting the copy into evidence. Point of error one is overruled.

 In points of error two and three, the Eubanks contend that the trial court erred in
overruling their objections to the admission of plaintiff's exhibits two and three, arguing they also
were not relevant. A review of the record reveals, however, that the Eubanks did not object to
the admission of either exhibit. Having made no objection at trial, the Eubanks have not
preserved their complaint for appellate review. Tex. R. App. P. 52(a). Accordingly, points of
error two and three are overruled. 

 In their eighth point of error, the Eubanks contend that the trial court erred by
failing to find that the four-year statute of limitations, which applies to suits on notes, barred
Dyck-O'Neal's suit. See Tex. Civ. Prac. & Rem. Code Ann. § 16.004 (West 1986). The
Eubanks claim that because they waived their right of presentment, the note holder's right to sue
to collect the balance of the note automatically accrued when they were first in default. 
Therefore, the Eubanks argue, the statute of limitations began running on December 1, 1987,
when the Eubanks ceased making payments on the note, and would have run on December 1,
1991, before Dyck-O'Neal filed suit.

 Courts have expressly rejected the above argument. When the note holder has the
option to declare the entire amount of a note due upon default in the payment of an installment,
and the note states that acceleration is at the option of the holder, the running of the statute of
limitations begins not at the default in payment of the installment, but when the holder exercises
its option to accelerate. Curtis v. Speck, 130 S.W.2d 348, 351 (Tex. Civ. App.--Galveston 1939,
writ ref'd); Kehoe v. Lambert, 633 S.W.2d 576, 578 (Tex. App.--Houston [14th Dist.] 1982, writ
ref'd n.r.e.). The same rule applies when the parties have waived notice. Kehoe, 633 S.W.2d
at 578.

 Line 6(C) of the note, with the heading "Notice of Default," provides:



If I am in default, the Note Holder may send me a written notice telling me that if
I do no pay the overdue amount by a certain date, the Note Holder may require me
to pay immediately the full amount of principal which has not been paid and all the
interest that I owe on that amount.



(Emphasis added). We read the above provision as leaving the option to accelerate with the note
holder. A suit on a note is governed by the four-year statute of limitations. See Tex. Civ. Prac.
& Rem. Code Ann. § 16.004 (West 1986). The note was accelerated on August 12, 1988. Dyck-O'Neal filed suit to recover the balance due on the note on April 30, 1992. Therefore, Dyck-O'Neal's suit was brought within the four-year period. Point of error eight is overruled.

 The judgment of the trial court is affirmed.



 Mack Kidd, Justice


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: June 29, 1994

Do Not Publish