NO. 07-01-0029-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 31, 2001

______________________________

CHRISTOPHER SAPP AND JEAN SAPP,

Appellants

v.

RAIN & HAIL INSURANCE SERVICE, 

Appellee

_________________________________

FROM THE 181st DISTRICT COURT FOR POTTER COUNTY;

NO. 83,466-B; HON. JOHN B. BOARD, PRESIDING

_______________________________

Before BOYD, C.J., QUINN, AND REAVIS, JJ.

Christopher Sapp and Jean Sapp appeal from a final summary judgment entered in favor of Rain & Hail Insurance Service (Rain).  Through the summary judgment, Rain was awarded damages against the Sapps for breach of contract.  That is, Rain had sued the Sapps to recover insurance premiums allegedly due it.  The trial court entered summary judgment awarding Rain those premiums, among other things.  On appeal, the Sapps contend that the trial court erred in executing the summary judgment.  Though four grounds are alleged in support of their contention, we address that which questions “the identity of the plaintiff to the underlying transaction.”   And, upon addressing that contention, we reverse and remand the cause.

Prologue

It has been a sound principle of our jurisprudence that litigants representing themselves 
pro se
 are not free to ignore applicable rules of procedure.  
Holt v. F.F. Enterprises
, 990 S.W.2d 756, 759 (Tex. App.–Amarillo 1998, pet. denied). However, long standing jurisprudence obligates the court to read their issues or points of error asserted on appeal in a liberal manner.  
 Pool v. Ford Motor Co.
, 715 S.W.2d 629, 632-33 (Tex. 1986).  Thus, our duty is to devine the true nature of their contentions before us irrespective of how confusing their writing or language may be.

Issue

Amid their ramblings of governmental fraud and conspiracy, the Sapps question (though rather cryptically) whether Rain was a party to the contract which it sought to enforce.  They did so by alleging that there existed a fact issue regarding the “identity of the plaintiff to the underlying transactions.”  Specifically, and as alluded to in their reply to  Rain’s brief, the Sapps contend that the plaintiff below is not the creditor to whom they allegedly owe money pursuant to the insurance contract.  This allegation is of concern because, as movant for summary judgment, Rain had the burden to establish its entitlement to summary judgment, as a matter of law. 
Tex. R. Civ. P.
 166a(c).  Implicit in this burden was the need to unquestionably prove each element of its cause of action.  
Randall’s Food Mkts, Inc. v. Johnson
, 891 S.W.2d 640, 644 (Tex. 1995).   So, since the cause of action at bar entailed a breached contract, Rain had to establish that it was 1) the party to the contract which was supposedly breached and 2) the party to whom the Sapps allegedly owed the monies in dispute.  And, therein lies the rub.

According to the record evidence, C & J Sapp Publishing Co., a corporation of which Christopher Sapp was both a shareholder and officer, endeavored to buy crop insurance.  The entities from which it purportedly received same were CIGNA Insurance and its managing general agent for crop insurance, “Rain and Hail Insurance Service, Inc.”  Next, the plaintiff in the suit at bar was identified as “Rain and Hail Insurance Service”.  Though one may initially conclude that “Rain and Hail Insurance Service” and “Rain and Hail Insurance Service, Inc.” were one and the same entities, the record would not, as a matter of law, support such a deduction.  This is so because Rain affirmatively represented, in its live pleading, that it was a “sole proprietorship.”
(footnote: 1)  On the other hand, the “Rain and Hail Insurance Service, Inc.” mentioned in the alleged insurance agreement appears to be a corporation, given the inclusion of the abbreviation “Inc.” in its name.  
See 
Tex. Bus. Corp. Act
.
 art. 2.05(A)(1) (Vernon Supp. 2001) (stating that a corporate name must contain the word corporation, company, incorporated, or an abbreviation of same
).
(footnote: 2)  
 And, since a corporation and a sole proprietorship are distinct legal entities, 
see H. Henn & J. Alexander
, 
Law of Corporations
 (3d. Ed. 1983) (discussing the distinctions between sole proprietorships, partnerships, corporations and other legal entities), there exists a material question of fact as to whether the plaintiff below was and is the entity with which C & J Sapp Publishing Company allegedly contracted.

Similarly, the Sapps contend, on appeal, that there exists a material question of fact regarding the “identity of the defendants to the underlying transactions.”  We agree.  Again, evidence of record illustrates that the entities which allegedly executed the insurance application were CIGNA, Rain and Hail Insurance Service, Inc., and a corporation by the name of C & J Sapp Publishing Company.  And, while Christopher Sapp’s name appears as guarantor on one of the insurance applications, the name of Jean Sapp does not.  It is a general proposition of law that only those party to a contract may be liable for its breach. 
Cannon v. ICO Tubular Servs.
, 905 S.W.2d 380, 392-93 (Tex. App.–Houston [1
st
 Dist.] 1995, no writ).  This would suggest that because Jean Sapp was not a party to the contract, she could not be liable for its breach.  Yet, through its summary judgment, the trial court found Christopher 
and Jean
 Sapp jointly and severally liable to Rain for the allegedly outstanding debt.  To the extent that C & J Sapp Publishing Company is a corporation and only Christopher Sapp signed the insurance application as a guarantor, a material question of fact exists as to whether Jean Sapp could be held liable for payment of the supposed debt.  Having ruled as we did, we need not address the remaining issues.

Accordingly, we reverse the summary judgment and remand the cause for further proceedings.

Per Curiam

Do not publish. 

FOOTNOTES
1:
Pleadings do not generally constitute summary judgment evidence.  
Kehoe v. Lambert
, 633 S.W.2d 576, 578 (Tex. App.–Houston [1
st
 Dist.] 1982, ref’d n.r.e.).  Yet, that is not true with regard to assertions of fact contained therein for they constitute judicial admissions.  
Houston First Am. Sav. v. Musick
, 650 S.W.2d 764, 767 (Tex. 1983).  And, judicial admissions contained in pleadings are susceptible of consideration when determining whether to grant or deny a summary judgment.  
Dallas Bank & Trust v. Commonwealth Dev. Corp.
, 686 S.W.2d 226, 233 (Tex. App.--Dallas 1984, ref’d n.r.e.); 
see Galvan v. Public Utilities Bd.
, 778 S.W.2d 580, 583 (Tex. App.--Corpus Christi 1989, no writ) (holding that a plaintiff’s pleadings in a summary judgment proceeding which stated that the defendant board was an agency of the defendant city admitted agency for purposes of summary judgment).    

2:
That the name of the plaintiff in the suit below omitted the word company, corporation, incorporated or some abbreviation thereof is further evidence that “Rain and Hail Insurance Service” was not a corporation.