IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00268-CV

 

Wells Fargo Bank, N.A.,

                                                                      Appellant

 v.

 

Citizens Bank of Texas, N.A.,

                                                                      Appellee

 

 

 



From the 9th District Court

Montgomery County, Texas

Trial Court No. 02-04-02426 CV

 



ORDER



 








          Appellant’s motion for rehearing is
denied.  The opinion and judgment dated September 7, 2005 are withdrawn, and
the opinion and judgment of even date herewith are substituted therefor.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Order issued and filed
November 23, 2005

[CV06]

 

 






 one point of error, to-wit, that the trial court erred
in granting the motion for summary judgment because (he asserts)
there existed genuine issues of fact and therefore Whitworth was
not entitled to judgment as a matter of law. In view of Rule 166A,
Texas Rules of Civil Procedure, as it is now constituted, we
disagree with Appellant and affirm the trial court's judgment.
We have carefully examined Plaintiff-Appellant's summary
judgment proof, and do not find any summary judgment evidence which
would rebut movant Whitworth's summary judgment proof of
impossibility of performance, so as to set up a fact issue.
Plaintiff-Appellant Fieseler as non-movant had a duty to come
forward with summary judgment proof to rebut (movant) Defendant-Appellee Whitworth's summary judgment proof of impossibility of
performance in order to raise a fact issue. This he did not do. 
Rule 166A, Texas Rules of Civil Procedure; City of Houston v. Clear
Creek Basin Authority (Tex. 1979) 589 S.W.2d 671. Pleadings do not
constitute summary judgment proof. Hidalgo v. Sur. Savings and
Loan Assn (Tex. 1971) 462 S.W.2d 540.
With the exception of an attack on the legal sufficiency of
the grounds expressly raised by the movant in his motion for
summary judgment, the non-movant must expressly present to the
trial court any reasons seeking to avoid movant's entitlement, and
he must present summary judgment proof when necessary to establish
a fact issue. City of Houston v. Clear Creek Basin Authority,
supra, at page 678. Moreover, Rule 166A as it now exists precludes
from consideration on appeal grounds not raised in the trial court
in opposition to a summary judgment motion. Also see Westland Oil
Development Corporation v. Gulf Oil Corporation (Tex. 1982) 637
S.W.2d 903; O'Shea v. Coronado Transmission Co. (Corpus Christi CA
1983) 656 S.W.2d 557, NRE; Kehoe v. Lambert (Houston 14th CA 1982)
633 S.W.2d 576, NRE.
For the reasons herein stated, judgment of the trial court is
affirmed.
AFFIRMED
 
                          JOHN A. JAMES, JR.
DO NOT PUBLISHJustice (Retired)

[Participating: Chief Justice Thomas, Justices Hall and Means and
Justice James (Retired)]